ALAN R. FRIEDMAN (SBN 241904)
AFriedman@FoxRothschild.com
ROM BAR-NISSIM (SBN 293356)
RBar-Nissim@FoxRothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828

Attorneys for Plaintiff and
Counter Defendant, LIAIGRE, INC.

Scott Shaw (SBN 223592)
sshaw@calljensen.com
L. Lisa Sandoval (SBN 310380)
lsandoval@calljensen.com
**CALL & JENSEN**
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100

Attorneys for Defendants and Counter-Complainants
CALIFORNIA FURNITURE COLLECTION, INC. d/b/a
ROBERT JAMES COLLECTION AND GINA B &
COMPANY, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIAIGRE, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA FURNITURE COLLECTION, INC. d/b/a ROBERT JAMES COLLECTION, a California Corporation; GINA B & COMPANY, INC., a California Corporation; and DOES 1-10,<br><br>Defendants. | Case No. 8:19-cv-01160-AG-KES<br><br>Hon. Andrew J. Guilford<br><br>Courtroom 10D<br><br>**[~~PROPOSED~~] PROTECTIVE ORDER**<br><br>Complaint Filed: June 11, 2019<br>Counter-Complaint Filed: August 23, 2019<br>Final Pretrial Conference: November 23, 2020<br>Jury Trial: December 8, 2020 |

[PROPOSED] PROTECTIVE ORDER

Active\106617313.v1-1/8/20

# 1. PURPOSE AND LIMITS OF THIS ORDER

Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

# 2. DESIGNATING PROTECTED MATERIAL

**2.1 Over-Designation Prohibited.** Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL" (a "designator") must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator. Designation under this Order is allowed only if the designation is reasonably necessary to protect information (regardless of how generated, stored, or maintained) or tangible things that constitute or reveal any confidential, proprietary, trade secret, and/or private information and that qualifies for protection under standards developed under applicable law. Material may not be designated if it has been made public. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**2.2 Manner and Timing of Designations.** Designation under this Order

Active\106617313.v1-1/8/20

requires the designator to affix the applicable legend ("CONFIDENTIAL") to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the expiration of the third business day following completion of the applicable deposition or proceeding, a right to have up to 21 days from the deposition or proceeding to make its designation.

**2.2.1** A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as "CONFIDENTIAL." After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

**2.2.2** Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**2.3** **Inadvertent Failures to Designate.** An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or

Active\106617313.v1-1/8/20

correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order. If material is designated as "Confidential" after the material was initially produced, the receiving party, upon notification by the designator, shall immediately treat the material as fully subject to this Order as if it had been initially so designated and shall make reasonable and good faith efforts to assure that the material, including, but not limited to, any analyses, memoranda, or notes which were internally generated based upon such material, is treated in accordance with the provisions of this Order; provided, however, that the receiving party shall not incur liability for any previous treatment of such information in conformance with its original designation or lack thereof.

3. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

4. **ACCESS TO DESIGNATED MATERIAL**

    **4.1** **Basic Principles.** A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

    **4.2** **Disclosure of CONFIDENTIAL Material Without Further Approval.** Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

        **4.2.1** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

        **4.2.2** The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, all of whom shall be deemed bound by the terms of this Protective Order;

        **4.2.3** Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to

Active\106617313.v1-1/8/20

Be Bound (Exhibit A);

 **4.2.4** The Court and its personnel;

 **4.2.5** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

 **4.2.6** Deposition, trial or hearing witnesses in this action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

 **4.2.7** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

 **4.2.8** Other persons or entities to whom disclosure is reasonably necessary or desirable as agreed to by both Plaintiff and Defendants in writing and who have signed the Agreement to Be Bound (Exhibit A).

**5.**   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

 **5.1**   **Subpoenas and Court Orders.** This Order in no way excuses non¬compliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

 **5.2**   **Notification Requirement.** If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL, that party must:

 **5.2.1** Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order;

 **5.2.2** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of

this Order; and

  **5.2.3** Cooperate with all reasonable procedures sought by the designator whose material may be affected.

 **5.3** **Wait For Resolution of Protective Order.** If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**6.** **UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

 If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

**7.** **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

 When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

**8.** **FILING UNDER SEAL**

 Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file

under seal any designated material must comply with L.R. 79-5.1. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a receiving party's request to file designated material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the receiving party may file the material in the public record unless (1) the designator seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

## 9. FURTHER MOTIONS NOT PRECLUDED

Entry of this Order shall be without prejudice to any motion for relief from the provisions hereof or to modify this Order or to any motion for further restriction on the production, exchange, or use of any Discovery material or other information in the course of this action; provided, however, that no such motion shall be made after the entry of a final judgment or settlement.

## 10. FINAL DISPOSITION

Within 60 days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material. The receiving party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,

7

expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

IT IS SO ORDERED.

DATED: January 10, 2020           *Karen E. Scott*

Hon. Karen E. Scott
United States Magistrate Judge

Active\106617313.v1-1/8/20

# EXHIBIT A
# AGREEMENT TO BE BOUND

I,_____[print or type full name], of_____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on_____[date] in the case of *Liaigre, Inc. v. California Furniture Collection, Inc. et al.* (Case No. 8:19-cv-01160-AG-KES). I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

Date:

City and State where sworn and signed:

Printed name:_____

              [printed name]

Signature:_____

              [signature]