1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIAIGRE, INC., a Delaware Corporation,<br><br>                  Plaintiff,<br><br>v.<br><br>CALIFORNIA FURNITURE COLLECTION, INC. d/b/a ROBERT JAMES COLLECTION, a California Corporation; GINA B & COMPANY, INC., a California Corporation; and DOES 1-10,<br><br>                  Defendants. | Case No.  8:19-cv-01160-AG-KES<br><br>[Discovery Document: Referred to Magistrate Judge Karen E. Scott]<br><br>**[~~PROPOSED~~] FIRST AMENDED STIPULATED PROTECTIVE ORDER**<br><br><br>Complaint Filed:  June 11, 2019<br>Trial Date:        None Set |

1    On stipulation of Plaintiff Liaigre, Inc. and Defendants California Furniture

2 Collection, Inc. and Gina B & Company, Inc. (collectively, the "Parties"), the Court

3 enters an Amended Protective Order in this matter as follows:

4

5 **1.    A.    PURPOSES AND LIMITATIONS**

6    Discovery in this action is likely to involve production of confidential,

7 proprietary, or private information for which special protection from public disclosure

8 and from use for any purpose other than prosecuting this litigation may be warranted.

9 Accordingly, the parties hereby stipulate to and petition the Court to enter the following

10 Stipulated Protective Order. The parties acknowledge that this Order does not confer

11 blanket protections on all disclosures or responses to discovery and that the protection it

12 affords from public disclosure and use extends only to the limited information or items

13 that are entitled to confidential treatment under the applicable legal principles.

14    **B.    GOOD CAUSE STATEMENT**

15    This action is likely to involve trade secrets, furniture information, vendor

16 information, supplier information, pricing information, cost information, and other

17 valuable proprietary information for which special protection from public disclosure

18 and from use for any purpose other than prosecution of this action is warranted. Such

19 confidential and proprietary materials and information consist of, among other things,

20 sales summaries, pricing, internal business strategies, and other confidential business or

21 financial information, or information regarding confidential business practices. The

22 confidential information at issue is generally unavailable to the public and may be

23 privileged or otherwise protected from disclosure under state or federal statutes, court

24 rules, case decisions, or common law.

25    Accordingly, to expedite the flow of information, to facilitate the prompt

26 resolution of disputes over confidentiality of discovery materials, to adequately protect

27 information the parties are entitled to keep confidential, to ensure that the parties are

28 permitted reasonable necessary uses of such material in preparation for and in the

GRO08-07:Word Proposed Order:12-18-20                    - 2 -

[PROPOSED] FIRST AMENDED STIPULATED PROTECTIVE ORDER

1   conduct of trial, to address their handling at the end of the litigation, and serve the ends

2   of justice, a protective order for such information is justified in this matter. It is the

3   intent of the parties that information will not be designated as confidential for tactical

4   reasons and that nothing be so designated without a good faith belief that it has been

5   maintained in a confidential, non-public manner, and there is good cause why it should

6   not be part of the public record of this case.

7   **C.   ACKNOWLEDGEMENT OF PROCEDURE FOR FILING UNDER**

8   **SEAL**

9        The parties further acknowledge, as set forth in Section 12.3, below, that this

10  Stipulated Protective Order does not entitle them to file confidential information under

11  seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the

12  standards that will be applied when a party seeks permission from the court to file

13  material under seal.

14       There is a strong presumption that the public has a right of access to judicial

15  proceedings and records in civil cases.  In connection with non-dispositive motions,

16  good cause must be shown to support a filing under seal.  *See Kamakana v. City and*

17  *County of Honolulu*, 477 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*

18  *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*,

19  187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good

20  cause showing), and a specific showing of good cause or compelling reasons with

21  proper evidentiary support and legal justification, must be made with respect to

22  Protected Material that a party seeks to file under seal.  The parties' mere designation of

23  Disclosure or Discovery Material as CONFIDENTIAL does not—without the

24  submission of competent evidence by declaration, establishing that the material sought

25  to be filed under seal qualifies as confidential, privileged, or otherwise protectable—

26  constitute good cause.

27       Further, if a party requests sealing related to a dispositive motion or trial, then

28  compelling reasons, not only good cause, for the sealing must be shown, and the relief

1   sought shall be narrowly tailored to serve the specific interest to be protected.  *See*

2   *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item

3   or type of information, document, or thing sought to be filed or introduced under seal in

4   connection with a dispositive motion or trial, the party seeking protection must

5   articulate compelling reasons, supported by specific facts and legal justification, for the

6   requested sealing order.  Again, competent evidence supporting the application to file

7   documents under seal must be provided by declaration.

8       Any document that is not confidential, privileged, or otherwise protectable in its

9   entirety will not be filed under seal if the confidential portions can be redacted.  If

10  documents can be redacted, then a redacted version for public viewing, omitting only

11  the confidential, privileged, or otherwise protectable portions of the document, shall be

12  filed.  Any application that seeks to file documents under seal in their entirety should

13  include an explanation of why redaction is not feasible.

14  **2.      DEFINITIONS**

15      2.1     Action: the above-captioned pending federal lawsuit entitled, *Liaigre, Inc.*

16  *v. California Furniture Collection, Inc., et al.*, No. 8:19-cv-01160-JAK-KES, in the

17  United States District Court, Central District of California.

18      2.2     Challenging Party: a Party or Non-Party that challenges the designation of

19  information or items under this Order.

20      2.3     "CONFIDENTIAL" Information or Items: information (regardless of how

21  it is generated, stored or maintained) or tangible things that qualify for protection under

22  Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause

23  Statement.

24      2.4     Counsel: Outside Counsel of Record and House Counsel (as well as their

25  support staff).

26      2.5     Designating Party: a Party or Non-Party that designates information or

27  items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL"

28  or "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY."

[PROPOSED] FIRST AMENDED STIPULATED PROTECTIVE ORDER

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement for which disclosures to another party is likely to result in harm to the Designating Party.

2.9     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.12    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

1  demonstrations, and organizing, storing, or retrieving data in any form or medium) and

2  their employees and subcontractors.

3  2.15  Protected Material: any Disclosure or Discovery Material that is designated

4  as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEY EYES

5  ONLY."

6  2.16  Receiving Party: a Party that receives Disclosure or Discovery Material

7  from a Producing Party.

8  **3.  SCOPE**

9  The protections conferred by this Stipulation and Order cover not only Protected

10  Material (as defined above), but also (1) any information copied or extracted from

11  Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

12  Material; and (3) any testimony, conversations, or presentations by Parties or their

13  Counsel that might reveal Protected Material.

14  Any use of Protected Material at trial shall be governed by the orders of the trial

15  judge. This Order does not govern the use of Protected Material at trial.

16  **4.  DURATION**

17  Once a case proceeds to trial, all of the court-filed information to be introduced

18  that was previously designated as confidential or maintained pursuant to this protective

19  order becomes public and will be presumptively available to all members of the public,

20  including the press, unless compelling reasons supported by specific factual findings to

21  proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v.*

22  *City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing

23  "good cause" showing for sealing documents produced in discovery from "compelling

24  reasons" standard when merits-related documents are part of court record).

25  Accordingly, the terms of this protective order do not extend beyond the

26  commencement of the trial.

27  Otherwise, even after final disposition of this litigation, the confidentiality

28  obligations imposed by this Order shall remain in effect until a Designating Party agrees

1  otherwise in writing or a court order otherwise directs. Final disposition shall be

2  deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or

3  without prejudice; and (2) final judgment herein after the completion and exhaustion of

4  all appeals, rehearings, remands, trials, or reviews of this Action, including the time

5  limits for filing any motions or applications for extension of time pursuant to applicable

6  law.

7  **5.     DESIGNATING PROTECTED MATERIAL**

8          5.1    Exercise of Restraint and Care in Designating Material for Protection.

9  Each Party or Non-Party that designates information or items for protection under this

10 Order must take care to limit any such designation to specific material that qualifies

11 under the appropriate standards. The Designating Party must designate for protection

12 only those parts of material, documents, items, or oral or written communications that

13 qualify so that other portions of the material, documents, items, or communications for

14 which protection is not warranted are not swept unjustifiably within the ambit of this

15 Order.

16         Mass, indiscriminate, or routinized designations are prohibited. Designations that

17 are shown to be clearly unjustified or that have been made for an improper purpose

18 (e.g., to unnecessarily encumber the case development process or to impose

19 unnecessary expenses and burdens on other parties) may expose the Designating Party

20 to sanctions.

21         If it comes to a Designating Party's attention that information or items that it

22 designated for protection do not qualify for protection, that Designating Party must

23 promptly notify all other Parties that it is withdrawing the inapplicable designation.

24         5.2    Manner and Timing of Designations. Except as otherwise provided in this

25 Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

26 ordered, Disclosure or Discovery Material that qualifies for protection under this Order

27 must be clearly so designated before the material is disclosed or produced.

28



GRO08-07:Word Proposed Order:12-18-20                      - 7 -

1    Designation in conformity with this Order requires:

2    (a)    for information in documentary form (e.g., paper or electronic

3    documents, but excluding transcripts of depositions or other pretrial or trial

4    proceedings), that the Producing Party affix, at a minimum, the legend

5    "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEY EYES ONLY"

6    (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.

7    If only a portion or portions of the material on a page qualifies for protection, the

8    Producing Party also must clearly identify the protected portion(s) (e.g., by making

9    appropriate markings in the margins).

10    A Party or Non-Party that makes original documents available for inspection

11    need not designate them for protection until after the inspecting Party has indicated

12    which documents it would like copied and produced. During the inspection and before

13    the designation, all of the material made available for inspection shall be deemed

14    "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEY EYES ONLY."

15    After the inspecting Party has identified the documents it wants copied and produced,

16    the Producing Party must determine which documents, or portions thereof, qualify for

17    protection under this Order. Then, before producing the specified documents, the

18    Producing Party must affix the "CONFIDENTIAL legend" to each page that contains

19    Protected Material. If only a portion or portions of the material on a page qualifies for

20    protection, the Producing Party also must clearly identify the protected portion(s) (e.g.,

21    by making appropriate markings in the margins).

22    (b)    for testimony given in depositions that the Designating Party

23    identify the Disclosure or Discovery Material on the record, before the close of the

24    deposition, of all protected testimony designated as Protected Material. Alternatively,

25    the Designating Party may, within a reasonable time not to exceed twenty-one (21)

26    days, after the deposition transcript is delivered to the Designating Party, provide to all

27    counsel written notice identifying the specific portion (by page and line numbers) that

28



1  the Designating Party seeks to protect, and all parties to the litigation will mark the
2  pages with the appropriate legends.

3        (c)    for information produced in some form other than documentary and
4  for any other tangible items, that the Producing Party affix in a prominent place on the
5  exterior of the container or containers in which the information is stored the legend
6  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEY EYES ONLY."
7  If only a portion or portions of the information warrants protection, the Producing Party,
8  to the extent practicable, shall identify the protected portion(s).

9        5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent
10 failure to designate qualified information or items does not, standing alone, waive the
11 Designating Party's right to secure protection under this Order for such material. Upon
12 timely correction of a designation, the Receiving Party must make reasonable efforts to
13 assure that the material is treated in accordance with the provisions of this Order.

14 **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

15      6.1    Timing of Challenges. Any Party or Non-Party may challenge a
16 designation of confidentiality at any time that is consistent with the Court's Scheduling
17 Order.

18      6.2    Meet and Confer. The Challenging Party shall initiate the dispute
19 resolution process under Local Rule 37.1, et seq. Any discovery motion must strictly
20 comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

21      6.3    Joint Stipulation. Any challenge submitted to the Court shall be via a joint
22 stipulation pursuant to Local Rule 37-2.

23      6.4    Burden. The burden of persuasion in any such challenge proceeding shall
24 be on the Designating Party. Frivolous challenges, and those made for an improper
25 purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties)
26 may expose the Challenging Party to sanctions. Unless the Designating Party has
27 waived or withdrawn the confidentiality designation, all parties shall continue to afford
28



1  the material in question the level of protection to which it is entitled under the

2  Producing Party's designation until the Court rules on the challenge.

3  **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

4      7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

5  disclosed or produced by another Party or by a Non-Party in connection with this

6  Action only for prosecuting, defending, or attempting to settle this Action. Such

7  Protected Material may be disclosed only to the categories of persons and under the

8  conditions described in this Order. When the Action has been terminated, a Receiving

9  Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

10     Protected Material must be stored and maintained by a Receiving Party at a

11  location and in a secure manner that ensures that access is limited to the persons

12  authorized under this Order.

13     7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

14  ordered by the Court or permitted in writing by the Designating Party, a Receiving

15  Party may disclose any information or item designated "CONFIDENTIAL" only to:

16     (a)    the Receiving Party's Outside Counsel of Record in this Action, as

17  well as employees of said Outside Counsel of Record to whom it is reasonably

18  necessary to disclose the information for this Action;

19     (b)    the officers, directors, and employees (including House Counsel) of

20  the Receiving Party to whom disclosure is reasonably necessary for this Action;

21     (c)    Experts (as defined in this Order) of the Receiving Party to whom

22  disclosure is reasonably necessary for this Action and who have signed the

23  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24     (d)    the Court and its personnel;

25     (e)    court reporters and their staff;

26     (f)    professional jury or trial consultants, mock jurors, and Professional

27  Vendors to whom disclosure is reasonably necessary for this Action and who have

28  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     Disclosure of "HIGHLY CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the court and its personnel;

(d)     court reporters and their staff;

[PROPOSED] FIRST AMENDED STIPULATED PROTECTIVE ORDER

1    (e)    professional jury or trial consultants, mock jurors, and Professional
2    Vendors to whom disclosure is reasonably necessary for this Action and who have
3    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4    (f)    the author or recipient of a document containing the information or a
5    custodian or other person who otherwise possessed or knew the information; and

6    (g)    any mediator or settlement officer, and their supporting personnel,
7    mutually agreed upon by any of the parties engaged in settlement discussions; and

8    (h) while the Receiving Party only access any Information designated as
9    "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" as described above,
10   the parties may separately agree in writing to redact Information designated as
11   "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY" so that said
12   Information may be designated as "CONFIDENTIAL" in its redacted form, to allow the
13   Receiving Party to have information necessary for evaluating litigation strategy in this
14   Action.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

17   If a Party is served with a subpoena or a court order issued in other litigation that
18   compels disclosure of any information or items designated in this Action as
19   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY,"
20   that Party must:

21   (a)    promptly notify in writing the Designating Party. Such notification shall
22   include a copy of the subpoena or court order;

23   (b)    promptly notify in writing the party who caused the subpoena or order to
24   issue in the other litigation that some or all of the material covered by the subpoena or
25   order is subject to this Protective Order. Such notification shall include a copy of this
26   Stipulated Protective Order; and

27   (c)    cooperate with respect to all reasonable procedures sought to be pursued
28   by the Designating Party whose Protected Material may be affected.

1    If the Designating Party timely seeks a protective order, the Party served with the

2  subpoena or court order shall not produce any information designated in this action as

3  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEYS EYES ONLY,"

4  before a determination by the court from which the subpoena or order issued, unless the

5  Party has obtained the Designating Party's permission. The Designating Party shall bear

6  the burden and expense of seeking protection in that court of its confidential material

7  and nothing in these provisions should be construed as authorizing or encouraging a

8  Receiving Party in this Action to disobey a lawful directive from another court.

9  **9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

10     **PRODUCED IN THIS LITIGATION**

11     (a)    The terms of this Order are applicable to information produced by a Non-

12  Party in this Action and designated as "CONFIDENTIAL," "HIGHLY

13  CONFIDENTIAL" or "ATTORNEYS EYES ONLY." Such information produced by

14  Non-Parties in connection with this litigation is protected by the remedies and relief

15  provided by this Order. Nothing in these provisions should be construed as prohibiting a

16  Non-Party from seeking additional protections.

17     (b)    In the event that a Party is required, by a valid discovery request, to

18  produce a Non-Party's confidential information in its possession, and the Party is

19  subject to an agreement with the Non-Party not to produce the Non-Party's confidential

20  information, then the Party shall:

21     (1)    promptly notify in writing the Requesting Party and the Non-Party

22  that some or all of the information requested is subject to a confidentiality agreement

23  with a Non-Party;

24     (2)    promptly provide the Non-Party with a copy of the Stipulated

25  Protective Order in this Action, the relevant discovery request(s), and a reasonably

26  specific description of the information requested; and

27     (3)    make the information requested available for inspection by the Non-

28  Party, if requested.



GRO08-07:Word Proposed Order:12-18-20          - 13 -
[PROPOSED] FIRST AMENDED STIPULATED PROTECTIVE ORDER

(c)     If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the

1  parties may incorporate their agreement in the stipulated protective order submitted to
2  the Court.

3  **12.   MISCELLANEOUS**

4     12.1   Right to Further Relief. Nothing in this Order abridges the right of any
5  person to seek its modification by the Court in the future.

6     12.2   Right to Assert Other Objections. By stipulating to the entry of this
7  Protective Order, no Party waives any right it otherwise would have to object to
8  disclosing or producing any information or item on any ground not addressed in this
9  Stipulated Protective Order. Similarly, no Party waives any right to object on any
10 ground to use in evidence of any of the material covered by this Protective Order.

11    12.3   Filing Protected Material. A Party that seeks to file under seal any
12 Protected Material must comply with Civil Local Rule 79-5. Protected Material may
13 only be filed under seal pursuant to a court order authorizing the sealing of the specific
14 Protected Material at issue; good cause must be shown in the request to file under seal.
15 If a Party's request to file Protected Material under seal is denied by the Court, then the
16 Receiving Party may file the information in the public record unless otherwise
17 instructed by the Court.

18 **13.   FINAL DISPOSITION**

19    After the final disposition of this Action, as defined in paragraph 4, within 60
20 days of a written request by the Designating Party, each Receiving Party must return all
21 Protected Material to the Producing Party or destroy such material. As used in this
22 subdivision, "all Protected Material" includes all copies, abstracts, compilations,
23 summaries, and any other format reproducing or capturing any of the Protected
24 Material. Whether the Protected Material is returned or destroyed, the Receiving Party
25 must submit a written certification to the Producing Party (and, if not the same person
26 or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by
27 category, where appropriate) all the Protected Material that was returned or destroyed
28 and (2) affirms that the Receiving Party has not retained any copies, abstracts,

compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

## 14. <u>VIOLATION</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

Dated:  <u>December 18, 2020</u>          By: _____
                                              Honorable Karen E. Scott
                                              United States Magistrate Judge

[PROPOSED] FIRST AMENDED STIPULATED PROTECTIVE ORDER

1

2

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

4       I, _____ [print full name],

5   of _____ [print full address],

6   declare under penalty of perjury that I have read in its entirety and understand the

7   Stipulated Protective Order that was issued by the United States District Court for the

8   Central District of California in the case of *Liaigre, Inc. v. California Furniture*

9   *Collection, Inc., et al.*, No. 8:19-cv-01160-JAK-KES.  I agree to comply with and to be

10  bound by all of the terms of this Stipulated Protective Order and I understand and

11  acknowledge that failure to so comply could expose me to sanctions and punishment in

12  the nature of contempt.  I solemnly promise that I will not disclose in any manner any

13  information or item that is subject to this Stipulated Protective Order to any person or

14  entity except in strict compliance with the provisions of this Order.

15      I further agree to submit to the jurisdiction of the United States District Court for

16  the Central District of California for the purpose of enforcing the terms of this

17  Stipulated Protective Order, even if such enforcement proceedings occur after

18  termination of this action.

19      I hereby appoint _____ [print full name]

20  of _____ [print full address and

21  telephone number] as my California agent for service of process in connection with this

22  action or any proceedings related to enforcement of this Stipulated Protective Order.

23

24  Date: _____

25  City and State where sworn and signed: _____

26  Printed name: _____

27  Signature: _____

28