1  JEFF GRANT (SBN 218974)
   JGrant@FoxRothschild.com
2  **FOX ROTHSCHILD LLP**
   10250 Constellation Blvd., Suite 900
3  Los Angeles, CA 90067
   Telephone:   (310) 598-4150
4  Facsimile:   (310) 556-9828

5  ERNEST EDWARD BADWAY (admitted *pro hac vice*)
   EBadway@FoxRothschild.com
6  **FOX ROTHSCHILD LLP**
   101 Park Ave., 17th Floor
7  New York, NY 10178
   Telephone:   (212) 878-7900
8  Facsimile:   (212) 692-0940

9  Attorneys for Plaintiff and
10 Counter Defendant, LIAIGRE, INC.

11        **UNITED STATES DISTRICT COURT**
          **CENTRAL DISTRICT OF CALIFORNIA**

12 LIAIGRE, INC., a Delaware Corporation,    Case No. 8:19-cv-01160-JAK-KES

13        Plaintiff,                          **DECLARATION OF ERNEST**
                                              **EDWARD BADWAY IN SUPPORT**
14     vs.                                    **OF PLAINTIFF LIAIGRE, INC.'S**
                                              **OPPOSITION TO DEFENDANTS**
15 CALIFORNIA FURNITURE               **AND COUNTER-CLAIMANTS'**
   COLLECTION, INC. d/b/a ROBERT      **MOTION FOR SUMMARY**
16 JAMES COLLECTION, a California      **JUDGMENT**
   Corporation; GINA B & COMPANY,
17 INC., a California Corporation; and DOES
18 1-10,                                      Hon. Judge John A. Kronstadt

19        Defendants.
20 _____      Complaint Filed: June 11, 2019
                                          Trial Date:       None Set
21 CALIFORNIA FURNITURE
   COLLECTION, INC. d/b/a ROBERT      Hearing Date:   May 17, 2021
22 JAMES COLLECTION, a California      Hearing Time:   8:30 a.m.
   Corporation; GINA B & COMPANY,     Courtroom:      10B
23 INC., a California Corporation,

24        Counter-Claimants,

25     vs.

26 LIAIGRE, INC., a Delaware Corporation,

27        Counter-Defendant.

28

I, Ernest Edward Badway, state and declare that I am a partner in the law firm of Fox Rothschild LLP and am one of the attorneys representing Plaintiff Liaigire, Inc. ("Liaigre"), in the above-captioned matter. I submit this Declaration in support of Plaintiff Liaigre, Inc.'s Opposition to Defendants and Counter-Claimants' Motion for Summary Judgment.  This Declaration is based upon information and belief and upon my personal knowledge.

1.      Attached as Exhibit 1 is a true and correct copy of the Complaint that Defendant California Furniture Collection, Inc. d/b/a Robert James Collection filed against Harris Adamson Home, LLC d/b/a Quintus Home on July 19, 2019, in the United States District Court for the Central District of California, Case No. 2:29-cv-06154-PA-JPR.

2.      Attached as Exhibit 2 is a true and correct copy of a March 3, 2021 website printout showing the Quintus Rocco Center Table at issue in *California Furniture Collection, Inc. d/b/a Robert James Collection v. Harrison Adamson Home, LLC d/b/a Quintus Home*, Case No. 2:29-cv-06154-PA-JPR (C.D. Cal.).

3.      Attached as Exhibit 3 is a true and correct copy of a March 3, 2021 website printout showing the Robert James Collection Auberge Dining Table at issue in *California Furniture Collection, Inc. d/b/a Robert James Collection v. Harrison Adamson Home, LLC d/b/a Quintus Hom*e, Case No. 2:29-cv-06154-PA-JPR (C.D. Cal.).

4.      Attached as Exhibit 4 is a true and correct copy of a March 3, 2021 website printout showing the Quintus Prisma Console Table at issue in *California Furniture Collection, Inc. d/b/a Robert James Collection v. Harrison Adamson Home, LLC d/b/a Quintus Home*, Case No. 2:29-cv-06154-PA-JPR (C.D. Cal.).

5.      Attached as Exhibit 5 is a true and correct copy of a March 3, 2021 website printout showing the Robert James Collection Yucatan Console at issue in *California*

*Furniture Collection, Inc. d/b/a Robert James Collection v. Harrison Adamson Home, LLC d/b/a Quintus Hom*e, Case No. 2:29-cv-06154-PA-JPR (C.D. Cal.).

6.    Attached as Exhibit 6 is a true and correct copy of Herman Miller, Inc.'s August 8, 2016 Motion in Limine No. 1 filed in *Blumenthal Distrib., Inc. v. Herman Miller, Inc.*, Case No. 14-cv-01926-JAK-SPx (C.D. Cal.).

7.    Attached as Exhibit 7 is a true and correct copy of the August 29, 2016 Civil Minutes – General ruling on the parties' motions in limine in *Blumenthal Distrib., Inc. v. Herman Miller, Inc.*, Case No. 14-cv-01926-JAK-SPx (C.D. Cal. Aug. 29, 2016).

8.    Attached as Exhibit 8 is a true and correct copy of the court's tentative ruling on Defendants' Motion for Summary Judgment of No Copyright Infringement filed in *Auto. Data Solutions, Inc. v. Directed Elec. Canada, Inc., et al.*, Case No. 18-1560-GW (Ex) (C.D. Cal. Dec. 6, 2019).

9.    Attached as Exhibit 9 is a true and correct copy of the March 9, 2021 Order issued by the United States District Court for the District of Arizona in *Jason Scott Collection Inc. v. Trendily Furniture LLC, et al.*, Case No. 17-02712-PHX-JJT (D. Ariz. Mar. 9, 2021).

10.    Attached as Exhibit 10 is a true and correct copy of the United States Court of Appeals for the Ninth Circuit's decision in *HISC, Inc. v. Rajanayagam*, 810 Fed. App. 560 (9th Cir. 2020) (unpublished).

11.    Attached as Exhibit 11is a true and correct copy of the United States Court of Appeals for the Ninth Circuit's decision in *Oregon Arms, Inc. v. Oregon Arms Ltd.*, 246 R.3d 675 (9th Cir. 2000) (unpublished).

12.    Attached as Exhibit 12 is a true and correct copy of Nicolas Binctin's expert report in *Van Cleef & Arpels Logistics, S.A. v. Landau Jewelry*, Case No. 07-CV-00564, *available at* 2007 WL 6001314 (S.D.N.Y Oct. 12, 2007).

13.     Attached as Exhibit 13 are true and correct copies of transcript excerpts from the December 21, 2020 Federal Rule of Civil Procedure 30(b)(6) deposition of Defendant California Furniture Collection, Inc. d/b/a Robert James Collection.

14.     Attached as Exhibit 14 are true and correct copies of transcript excerpts from the October 12, 2020 deposition of Erik Vogt.

15.     Attached as Exhibit 15 are true and correct copies of transcript excerpts from the November 11, 2020 deposition of Omaha Manzanilla.

16.     Attached as Exhibit 16 are true and correct copies of transcript excerpts from the January 28, 2021 deposition of Lance Rake.

17.     Attached as Exhibit 17 are true and correct copies of transcript excerpts from the January 29, 2021 deposition of Nicolas Binctin.

18.     Attached as Exhibit 18 are true and correct copies of transcript excerpts from the February 5, 2021 deposition of Charles L. Mauro CHFP.

19.     Attached as Exhibit 19 are true and correct copies of transcript excerpts from the November 13, 2020 deposition of Thais Roda.

20.     Attached as Exhibit 20 are true and correct copies of transcript excerpts from the November 20, 2020 deposition of Anne Michaelsen.

21.     Attached as Exhibit 21 are true and correct copies of transcript excerpts from the October 15, 2020 deposition of Guillaume Rolland.

22.     Attached as Exhibit 22 are true and correct copies of transcript excerpts from the October 28, 2020 deposition of Frauke Meyer.

23.     Attached as Exhibit 23 are true and correct copies of transcript excerpts from the December 18, 2020 Federal Rule of Civil Procedure 30(b)(6) deposition of Liaigre, Inc. (Christophe Cailluad).

24.     Attached as Exhibit 24 are true and correct copies of transcript excerpts from the December 18, 2020 Federal Rule of Civil Procedure 30(b)(6) deposition of Liaigre, Inc. (Thais Roda).

25.     Attached as Exhibit 25 are true and correct copies of transcript excerpts from the January 27, 2021 deposition of Pierre Greffe.

26.     Attached as Exhibit 26 are true and correct copies of transcript excerpts from the October 16, 2021 deposition of Timothy G. Cassidy.

27.     Attached as Exhibit 27 are true and correct copies of Liaigre France's drawings for the Maritime Chair, and bates labeled PLA_000792-797. **CONFIDENTIAL – FILED UNDER SEAL**.

28.     Attached as Exhibit 28 are true and correct copies of Liaigre France's drawings for the Corvette Desk, and bates labeled PLA_000798-801. **CONFIDENTIAL – FILED UNDER SEAL**

29.     Attached as Exhibit 29 is a true and correct copy of the June 11, 2020 *Avenue* magazine article entitled "A Celebration of the Minimalist Home:  How Frauke Meyer is Bringing Christian Liaigre's '80s Interior Chic into the 21st Century," and bates labeled PLA_002096-2101.

30.     Atttached as Exhibit 30 are true and correct copies of excerpts from the LIAIGRE Book displaying the Centaure Table as part of Liaigre's London project, and bates labeled PLA_4680-4697.

31.     Attached as Exhibit 31 are true and correct copies of Liaigre France's drawings for the Centaure Table, and bates labeled PLA_005657-5674. **CONFIDENTIAL – FILED UNDER SEAL**

32.     Attached as Exhibit 32 are true and correct copies of Liaigre France design documents for the Calme Plat Bench, and bates labeled PLA_005746-5750. **CONFIDENTIAL – FILED UNDER SEAL**

33.     Attached as Exhibit 33 is a true and correct copy of a February 19, 2013 cease-and-desist letter directed to Alfonso XIII Hotel, and bates labeled PLA_005793-5796.

DECLARATION OF ERNEST EDWARD BADWAY IN SUPPORT OF PLAINTIFF LIAIAGRE, INC.'S OPPOSITION DEFENDANTS AND COUNTER-CLAIMANTS' MOTION FOR SUMMARY JUDGMENT

5

34.     Attached as Exhibit 34 is a true and correct copy of a February 19, 2013 cease-and-desist letter directed to W Hotel, and bates labeled PLA_005797-5798.

35.     Attached as Exhibit 35 are true and correct copies of Liaigre France's design file for the Maritime Chair, and bates labeled PLA_002278-2306. **CONFIDENTIAL – FILED UNDER SEAL**

36.     Attached as Exhibit 36 are true and correct copies of design drawings of the Liaigre Furniture, and bates labeled PLA_000783-802.  **CONFIDENTIAL – FILED UNDER SEAL**

37.     Attached as Exhibit 37 are true and correct copies of documents from Liaigre France regarding the design and first sale of the Galion Console, bates labeled PLA_005711-5716.  **CONFIDENTIAL – FILED UNDER SEAL**

38.     Attached as Exhibit 38 is a true and correct copy of Liaigre France's WIPO Industrial Design Registrations for several pieces of Liaigre's furniture, including the Liaigre Furniture, and bates labeled PLA_002385-2407.

39.     Attached as Exhibit 39 is true and correct copy of correspondence from the WIPO certifying Liaigre France's Industrial Design Registrations for several pieces of Liaigre's furniture, including pieces of the Liaigre Furniture, and bates labeled PLA_002431-2443.

40.     Attached as Exhibit 40 is a true and correct copy of correspondence from the WIPO certifying Liaigre France's Industrial Design Registrations for several pieces of Liaigre's furniture, including pieces of the Liaigre Furniture, and bates labeled PLA_002444-2458.

41.     Attached as Exhibit 41 is a true and correct copy of correspondence from the WIPO certifying Liaigre France's Industrial Design Registrations for several pieces of Liaigre's furniture, including pieces of the Liaigre Furniture, and bates labeled PLA_002408-2430.

42.     Attached as Exhibit 42 is a true and correct copy of Liaigre, Inc.'s Sales Representation Agreement with Thomas Lavin, and bates labeled TL000089-97. **CONFIDENTIAL – FILED UNDER SEAL**.

43.     Attached as Exhibit 43 is a true and correct copy of a Cottages & Gardens Advertising Contract, and bates labeled PLA_000803-804.  **CONFIDENTIAL – FILED UNDER SEAL.**

44.     Pursuant to the Court's December 9, 2020 Order, the "Last Day to File All Motions (including discovery motions)" was February 18, 2021.  [ECF Dkt. #78]. Having missed that deadline, Defendants' attorney now attempts to raise a discovery dispute as part of Defendants' Motion for Summary Judgment.  [Dec. of Scott P. Shaw in Support of Defendants' Motion for Summary Judgment, ¶¶ 37-46 (ECF Dkt. #97-3)].  This attempt is not only improper, it is also meritless.

45.     Counsel for Plaintiffs repeatedly indicated that they were available to meet and confer on the issues noted by Defendants' counsel.  Defendants' counsel fails to present the full exchange on this issue to the Court, conveniently omitting the communications that demonstrate Defendants' counsel failed to timely raise this issue with the Court.  The full email correspondence shows not only that Plaintiff's counsel agreed to meet and confer, but they also proposed a date on which they were available to confer.

46.     In an email dated January 13, 2021, Defendants' counsel indicated that "[w]e would like to confer with you at least 5-7 days before we file our MSJ on our Motion for Sanctions."  [Attached as Exhibit 44 is a true and correct copy of the email chain between Plaintiff's counsel and Defendants' counsel].

47.     Counsel for Plaintiff responded the next day and provided a date:  "We are available to meet and confer on your motion for sanctions and our similar motion prior to the filing of the SJ papers.  As suggested, we are willing to confer on both motions at the same time.  We are available on January 20."  [*Id.*, at January 14 Email from R.

Leier].  This date was well before the parties' agreed upon February 16, 2021 deadline for filing motions for summary judgment.

48.    Defendants' counsel did not follow-up on the subject until January 21, when he wrote:  "I realize that we still need to confer regarding a Motion for Sanctions and Exclusion but since the MSJ filing date is not until February, I don't mind waiting and actually prefer to confer with you after the deposition of Liaigre's French lawyer." [Exhibit 44.]  Plaintiff's French law expert was deposed on Janaury 27, 2021.  Yet Defendants' counsel failed not only to raise the issue after Mr. Greffe's deposition, he failed to raise the issue until submitting Defendants' Motion for Summary Judgment on February 16.

49.    On February 10, 2021, counsel for the parties met and conferred regarding Plaintiff's *Daubert* Motion to Exclude the Opinions and Testimony of Defendant's Expert Lance Rake.  [ECF Dkt. #102].  Defendants' counsel did not raise its "motion for sanctions" either during the telephone conference call or in response to Plaintiff's counsel's request to meet and confer on its *Daubert* Motion to Exclude.  He failed to do so despite the fact that the deadline for motions was fast approaching on February 18.

50.    In his Declaration [ECF Dkt. #97-3], Defendants' counsel does not contend that Defendants were prejudiced in any way – because they were not.  The documents produced on December 16, 2020, were primarily additional design drawings of the Liaigre Furniture that had been requested by Plaintiff's expert to assist him in preparing his expert analysis.  These document were cumulative of what had previously been produced by Plaintiff.

51.    The remaining documents produced were primarily additional design drawings of the Liaigre Furniture, contract documents supporting its prior witnesses' testimony regarding the existence of such contracts, and documents supporting Plaintiff's discovery responses and deposition testimony regarding Plaintiff's and

Liaigre France's prior actions taken against other copyright infringers such as CFC. None of the information was new.

52. Plaintiff's corporate representatives were deposed on December 18, 2020, after the December 16 production of documents.  Defendants' counsel did not ask to move the date of the deposition, nor did he ask to leave the deposition open for additional questions.

53. Rebuttal expert reports were due on January 11, 2021.  In fact, Defendants' expert Nicolas Binctin relied on some of the documents about which Defendants now complain in his report.  Liaigre's experts Pierre Greffe and Charles Mauro were not deposed until January 27 and February 5, 2021, respectively, more than three weeks after the documents were produced.  Again, Defendants did not ask to leave the depositions of Plaintiff's experts open for additional questions.

54. To the extent that Plaintiff relies on any of these documents to support its claims in this matter, Defendants have not been harmed.  Despite Defendants' counsel repeated assertions that he was going to file a motion to compel, and Plaintiffs' counsel's agreement to meet and confer and even providing a date for a meeting, Defendants' counsel missed the deadline to file its motion.  Defendants' attempt to somehow resurrect their arguments as part of their motion for summary judgment because of their counsel's failure to file a discovery motion should be rejected.

I declare under penalty of perjury of the laws of the United States that the contents of this Declaration are true and correct.

Executed this 15th day of March 2021, in New York, New York.

*/s/ Ernest Edward Badway*
Ernest Edward Badway, Esq.