Jeff Grant (SBN 218974)
JGrant@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone: 310-598-4150
Facsimile: 310-556-9828

ERNEST EDWARD BADWAY (*pro hac vice*)
EBadway@FoxRothschild.com
**FOX ROTHSCHILD LLP**
101 Park Ave., 17th Floor
New York, NY 10178
Telephone: 212-878-7900
Facsimile: 212-692-0940

Attorneys for Plaintiff and Counter-Defendant,
LIAIGRE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIAIGRE, INC., a Delaware Corporation, <br><br>  Plaintiff, <br><br> v. <br><br> CALIFORNIA FURNITURE COLLECTION, INC. d/b/a ROBERT JAMES COLLECTION, a California Corporation; GINA B & COMPANY, INC., a California Corporation; and DOES 1-10, <br><br>  Defendant. <br><br> CALIFORNIA FURNITURE COLLECTION, INC. d/b/a ROBERT JAMES COLLECTION, a California Corporation; GINA B & COMPANY, INC., a California Corporation, <br><br>  Counter-Claimants, <br><br> vs. <br><br> LIAIGRE, INC., a Delaware Corporation, <br><br>  Counter-Defendant. | Case No.: 8:19-CV-01160-JAK-KES <br><br> Hon. Judge John A. Kronstadt <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO PLAINTIFF'S UNTIMELY PRODUCTION OF DOCUMENTS** <br><br> Complaint Filed: June 11, 2019 <br> Trial Date: None Set <br><br> Hearing Date: May 17, 2021 <br> Hearing Time: 8:30 a.m. <br> Courtroom: 10B |

Liaigre responds to Defendants' "objection" to Liaigre's use of documents bearing Bates numbers PLA_005656 through PLA_005841.

Defendants purportedly object to the production date and relevancy of these documents. (ECF Dkt. #116.) However, Defendants failed to articulate any prejudice, as well as bring a proper motion to exclude, all while attempting to selectively use the documents they attempt to place at issue in a mistaken attempt to bolster the hopelessly flawed opinion of a non-practicing French academic, who will clearly say anything about proof of collective works as long as he is paid.[1] Moreover, all of the documents at issue pertain to expert discovery. The expert discovery period was open at the time they were produced, and the documents are relevant either to the opinions of Liaigre's design expert, Mr. Charles Mauro, or Liaigre's French experts, Pierre Greffe and Flora Donaud. Further, Liaigre's individual and corporate deponents testified to the existence of such documents, and when certain employment contracts (some decades old) were located, they were provided and produced to corroborate such testimony, in addition to nearly identical employment records for other Liaigre employees, that were previously produced.

Moreover, in a characteristic display of "rules for thee but not for me" when asked about certain of Defendants' production, Defendants' counsel stated on January 8, 2021 "Defendants' expert is entitled to rely on any documents, whether they were produced or not. In fact, many of those documents were attached as exhibits to Rake's expert report." Declaration of Ernest E. Badway in Support of Plaintiff Liaigre, Inc.'s Reply in Further Support of Its Motion for Summary Judgment ("Badway Reply Decl."), ¶ 1, Ex. 1 at p. 1. Defendants' counsel's conduct

---

[1] *Compare* (ECF Dkt. #107-4, pp. 85-91) (showing Mr. Binctin's expert report in *Van Cleef & Arpels Logistics, S.A. v. Landau*, Case No. 07CV00564 (Oct. 12, 2007 S.D.N.Y.) and concluding a collective work existed based solely on a declaration and a single photograph), *with* (ECF Dkt. #97-50) (wherein Binctin claims Liaigre, despite producing far more than a declaration and a photograph to support ownership of the Liaigre Furniture, has utterly failed its burden), *and* (ECF Dkt. #115) (another Binctin Declaration urging "Liaigre has not established that Liaigre France has ever owned copyrights in any of the Subject Furniture.").

is particularly astonishing given, as the Honorable Karen E. Scott, when faced with similar grandstanding, exaggerating, and near baseless discovery "disputes" clearly manufactured by Defendants, recognized that the law of the case would be "what's good for the goose is good for the gander." (ECF Dkt. #69, p. 2.)  Therefore, regrettably, yet unsurprising, Defendants attempt to again manufacture a discovery dispute, without bringing a proper motion or attempting to show any articulable prejudice (because they cannot). Liaigre regrets having to respond to another baseless "notice" filed by Defendants with a response, needlessly consuming judicial resources, and distracting from the substantive claims at issue before the Court.

Defendants next raise the issue of their purported concerns with a litigation hold letter. (ECF Dkt. #116, p. 2.) Defendants disingenuously claim Liaigre's "failure to implement a litigation hold" as the reason for their discovery motion heard October 16, 2020. *See id.* (citing ECF Dkt. #57.)  In that filing, the Magistrate Judge Scott stated "[t]he Court rules on the motion as stated on the record." (ECF Dkt. #57.)  A true and correct copy of the transcript of proceedings, and rulings thereon, (items Defendants suspiciously failed to provide to this Court) is attached hereto as Ex. 2 to the Badway Reply Decl.  Neither that hearing transcript, nor anything in the joint stipulation filed prior to the hearing, references Defendants' purported concerns regarding any litigation hold notice. *See id.*; (ECF Dkt. #53.)[2]  Additionally, despite Defendants' misrepresentation, there is no record that the "Magistrate Judge required Plaintiff to file a subsequent status report." (ECF Dkt. #116, p. 2.)  *See* Ex. 2 to Badway Reply Decl. Rather, the transcript clearly reflects that Mr. Badway offered to provide supplemental written responses to Requests for Production, a privilege log, and stated "***I'll put that in the letter that I'm going to send to the Court, I'm more than happy to do that.***" *See id.* at Tr. 20:18-21:12.  The fact Defendants'

---

[2] The remainder of Defendants' allegations and characterizations regarding Liaigre's efforts to locate, restore, or obtain emails from late 1990s and early-mid 2000s (to the extent they ever existed) is unworthy of a response; the transcript speaks for itself, and further exposes Defendants' blatant misrepresentations to this Court.  *See* Ex. 2 to Badway Reply Decl., Tr. 6:7-9:3.

attorney moved law firms and does not maintain an office in California is no excuse for its failure to adhere to basic local rules of practice (*see* ECF Dkt. #118 striking Defendants' ECF Dkt. #88 application), failing to review transcripts of proceedings, and misrepresenting the nature of proceedings to this Court (*see* ECF Dkt. #116).

Further, on October 16, 2020, Defendants' counsel raised the issue of presenting any documents it thought Liaigre produced after the fact before the Hon. Karen Scott:

> **MS. SANDOVAL:** I would just like to add that Mr. Badway had agreed to produce the deponents again, if needed, given the supplemental production.
>
> * * *
>
> **THE COURT:** Right, there was that representation that was made.
>
> **MR. BADWAY:** Yes. As I said, "if." If there were any supplements.

Ex. 2 to Badway Reply Decl., Tr. 22:5-13. Defendants failed to follow up on this offer by Liaigre to further obviate any arguments regarding prejudice or exclusion. Naturally, Defendants failed to provide this transcript to the Court, and failed to inform the Court of this important proceeding during discovery.[3]

Following the October 16, 2020 discovery hearing, when Liaigre produced its privilege log, Defendants, *for the first time*, raised their purported concerns with a litigation hold notice, on October 28, 2020. *See* Badway Reply Decl., Ex. 3 (Oct. 28, 2020 email from L. Lisa Sandoval raising the issue of a litigation hold notice for the first time). Notably, despite Defendants' contrary representations in signed objections filed with this Court, this issue was raised for the first time two weeks following the October 16, 2020 proceeding. *Cf.* Badway Reply Decl., Exs. 2 & 3 and ECF Dkt. #53 (making no mention of a litigation hold notice leading up to and during

---

[3] We note that there are numerous other examples – far too many to burden this Court with them during this so-called objection – where Liaigre offered to do certain things during discovery, but Defendants either refused to carry through on their obligations or outright misrepresented that they would accomplish those tasks.

1  the October 16, 2020 discovery hearing), *with* ECF Dkt. #57 at p. 2 (claiming its
2  Motion to Compel heard October 16, 2020 involved a litigation hold notice).  On
3  November 2, 2020, counsel for Liaigre sent a substantive response to Defendants'
4  October 28, 2020 conferral letter, addressing the extensive electronic
5  communications produced by Liaigre from 2011-2019.  Badway Reply Decl. at Ex.
6  3.  At that time, Liaigre also noted that it had produced a substantive privilege log;
7  Defendants' repeated threats to seek sanctions (at that time Liaigre counted at least
8  four) against Liaigre was itself dangerously close to sanctionable; and Liaigre was
9  willing to meet and confer on the issues further.  *See id.*

10  Ultimately, Defendants did not follow up on Liaigre's offer to meet and confer.
11  Badway Reply Decl., ¶ 3.  Therefore, Defendants were unable to convince Liaigre
12  that discovery into litigation hold notices was proper based on the case law Liaigre
13  provided on November 2, 2020; and, when asked about its own litigation hold notice
14  and a privilege log, Defendants unilaterally stated they would not provide either
15  "because all of the privileged responsive documents are for counsel's
16  communications with Defendants after the filing of the Complaint in the above-
17  referenced action on June 11, 2019, Defendants are not producing a privilege log."
18  *See* Badway Reply Decl. at Ex. 4, pp. 1-2.  It is unclear why Defendants now seek to
19  re-visit this issue, that resulted in Liaigre producing a detailed privilege log,
20  providing legal authority for why Defendants had not made the requisite showing for
21  discovery of a litigation hold notice, and resulting in Defendants refusing to provide
22  a privilege log or litigation hold notice.

23  Finally, Defendants' counsel again threatened Liaigre with sanctions and
24  sought to meet and confer on a motion for sanctions on January 13, 2021.  *See*
25  Badway Reply Decl. at Ex. 5. On January 14, 2021, Liaigre responded in detail, and
26  confirmed "We are available to meet and confer on your motion for sanctions and
27  our similar motion prior to the filing of the SJ papers.  As suggested, we are willing
28  to confer on both motions at the same time.  We are available on January 20." *See*

*id*., pp. 3-5. Counsel for Defendants failed to follow up on this request to meet and confer, and the February 18, 2021 deadline to file all motions (including discovery motions) expired. (ECF Dkt. #78). Defendants now improperly seek to exclude Liaigre's evidence not through motion practice, but through legally unsupported objections.

Aside from its false – or at minimum – largely misleading narrative of events, Defendants have not articulated any basis for prejudice, particularly where, in this case, "what's good for the goose is good for the gander." (ECF Dkt. #69, p. 2).

The law in this Circuit is clear. If Defendants wish to preclude documents produced by Liaigre, for whatever reason, they must bring a motion for sanctions under FRCP 37. *See Homeland Housewares, LLC v. Sharkninja Operating LLC*, 2016 WL 1698254, at *4 (C.D. Cal. Apr. 27, 2016) ("In determining whether to preclude introduction of evidence pursuant to Federal Rule of Civil Procedure 37, courts consider (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for its failure to disclose the evidence."). Defendants cite FRCP 37(b) and 37(c), but fail to establish how they prevail on a motion brought under either standard.

Defendants also failed to bring any such motion before the Court prior to the February 18, 2021 deadline, and have failed to articulate any prejudice under FRCP 37 or the applicable factors. Liaigre will not respond to an evidentiary burden that Defendants have entirely failed to present, much less to state how they meet this burden as the party seeking exclusion. *See Dominguez v. City of Los Angeles*, 2018 WL 6164278, at *5 (C.D. Cal. Oct. 9, 2018) (noting that, if a party seeks to exclude evidence as improperly disclosed under FRCP 26, the proper procedure is to bring a motion stating it is inadmissible at trial under FRCP 37).

Moreover, the only case cited by Defendants involved an award of fee

sanctions based on motion practice; not precluding evidence based solely on objections. *See Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 545 (N.D. Cal. 1987) (noting the matter was "before the court on plaintiffs' motion for an award of sanctions" and awarding fees, not precluding evidence). This inapposite case does not allow Defendants to effectuate an end run around the Federal Rules of Civil Procedure, nor does it allow Defendants to disregard the Court's scheduling order requiring Defendants to bring a motion on or before February 18, 2021. (ECF Dkt. #78.)

Finally, as mentioned above, Mr. Binctin reviewed and relies on certain documents that Defendants now seek to preclude, further obviating any finding of prejudice to Defendants. (ECF Dkt. #115, pp. 6-7, ¶ 9 (referencing PLA_005760, PLA_005722, PLA_005732, PLA_005766, PLA_00583, and PLA_005841).)

For the reasons set forth herein, and the accompanying support provided with the Reply Declaration of Ernest Edward Badway, Esq., the Court should overrule Defendants' objections, such as they are.

Dated:  April 5, 2021                              **FOX ROTHSCHILD LLP**


By:  */s/ Ernest Edward Badway*
     Ernest Edward Badway, Esq.
     Jeff Grant, Esq.

*Attorneys for Plaintiff and Counter-Defendant Liaigre, Inc.*