1  JEFF GRANT (SBN 218974)
       JGrant@foxrothschild.com
2  **FOX ROTHSCHILD LLP**
   10250 Constellation Blvd., Suite 900
3  Los Angeles, CA 90067
   Telephone:  310-598-4150
4  Facsimile:  310-556-9828

5  ERNEST EDWARD BADWAY (*pro hac vice*)
       EBadway@FoxRothschild.com
6  **FOX ROTHSCHILD LLP**
   101 Park Ave., 17th Floor
7  New York, NY 10178
   Telephone:  212-878-7900
8  Facsimile:   212-692-0940

9  Attorneys for Plaintiff and Counter-Defendant,
   LIAIGRE, INC.

10

# UNITED STATES DISTRICT COURT

11

## CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| LIAIGRE, INC., a Delaware Corporation, | Case No.: 8:19-CV-01160-JAK-KES |
| Plaintiff, | Hon. Judge John A. Kronstadt |
| v. | **JOINT PROPOSED UNDISPUTED JURY INSTRUCTIONS** |
| CALIFORNIA FURNITURE COLLECTION, INC. d/b/a ROBERT JAMES COLLECTION, a California Corporation; GINA B & COMPANY, INC., a California Corporation; and DOES 1-10, | Complaint Filed:  June 11, 2019 |
| Defendants. | |
| CALIFORNIA FURNITURE COLLECTION, INC. d/b/a ROBERT JAMES COLLECTION, a California Corporation; GINA B & COMPANY, INC., a California Corporation, | Final Pre-Trial Conference Date: January 22, 2024 Hearing Time:    11:30 A.M. |
| Counter-Claimants, | Trial Date:          February 5, 2024 |
| vs. | |
| LIAIGRE, INC., a Delaware Corporation, | |
| Counter-Defendant. | |

# **PRELIMINARY INSTRUCTIONS**

**Jury Instruction No.**

**1.3 Duty of Jury**

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Source:  9th Cir. Civ. Jury Instr. § 1.3

## Jury Instruction No. ____

## 1.9 What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I have instructed you to accept as proved.

Source:  9th Cir. Civ. Jury Instr. § 1.9

**Jury Instruction No.**

**1.10 What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may see or hear when the court is not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Source:  9th Cir. Civ. Jury Instr. § 1.10

## **Jury Instruction No.**

## **1.11 Evidence for Limited Purpose**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

Source:  9th Cir. Civ. Jury Instr. § 1.11

1   **<u>Jury Instruction No.    </u>**

2   **<u>1.12 Direct and Circumstantial Evidence</u>**

3        Evidence may be direct or circumstantial.  Direct evidence is direct proof of a

4   fact, such as testimony by a witness about what that witness personally saw or heard or

5   did.  Circumstantial evidence is proof of one or more facts from which you could find

6   another fact.  You should consider both kinds of evidence.  The law makes no distinction

7   between the weight to be given to either direct or circumstantial evidence.  It is for you

8   to decide how much weight to give to any evidence.

9   Source:  9th Cir. Civ. Jury Instr. § 1.12

**Jury Instruction No.**

**1.13 Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Source: 9th Cir. Civ. Jury Instr. § 1.13

## Jury Instruction No.

## 1.14 Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may consider:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source:  9th Cir. Civ. Jury Instr. § 1.14

JOINT PROPOSED JURY INSTRUCTIONS

1

**<u>Jury Instruction No.</u>**

2

**<u>2.13 Expert Opinion</u>**

3      During trial, you will hear testimony from some witnesses who will testify to

4 opinions and the reasons for their opinions.  This opinion testimony is allowed, because

5 of the education or experience of these witnesses.

6      Such opinion testimony should be judged like any other testimony.  You may

7 accept it or reject it and give it as much weight as you think it deserves, considering the

8 witness's education and experience, the reasons given for the opinion, and all the other

9 evidence in the case.

10 Source:  9th Cir. Civ. Jury Instr. § 2.13 (modified)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Jury Instruction No. \_\_\_\_

## 2.14 Charts and Summaries Not Received in Evidence

Certain charts and summaries not admitted into evidence may be shown to you to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Source:  9th Cir. Civ. Jury Instr. § 2.14

### Jury Instruction No. \_\_\_\_

### 2.15 Charts and Summaries Received in Evidence

Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Source: 9th Cir. Civ. Jury Instr. § 2.15

**Jury Instruction No. \_\_\_\_\_**

**1.15 Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to

any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Source:  9th Cir. Civ. Jury Instr. § 1.15

### **<u>Jury Instruction No.</u>**

### **1.17 No Transcript Available to Jury**

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

Source:  9th Cir. Civ. Jury Instr. § 1.17

**Jury Instruction No.** \_\_\_\_\_

**1.18 Taking Notes**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

Source:  9th Cir. Civ. Jury Instr. § 1.18

**Jury Instruction No.**

**1.19 Questions to Witnesses by Jurors During Trial**

When attorneys have finished their examination of a witness, you will be allowed to propose written questions to witnesses. You may propose questions to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

I will offer the opportunity to write out a question on a form provided by the Court. Do not sign the question. I will review the question with the attorneys. If the rules of evidence do not permit a particular question, I will advise you. After your questions, if any, the attorneys may ask additional questions.

There are some proposed questions that I will not permit or will not ask in the wording submitted. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

Source:  9th Cir. Civ. Jury Instr. § 1.19 (modified)

## Jury Instruction No. ___

## 1.20 Bench Conferences and Recesses

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Source:  9th Cir. Civ. Jury Instr. § 1.20

**Jury Instruction No.** ____

**1.21 Outline of Trial**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff, Liaigre USA, will then present evidence, and counsel for the defendants, California Furniture Collection and Gina B, may cross-examine.  Then the defendants California Furniture Collection and Gina B may present evidence, and counsel for Liaigre USA may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Source:  9th Cir. Civ. Jury Instr. § 1.21

**<u>Jury Instruction No.    </u>**

**<u>2.2 Stipulations of Fact</u>**

The parties have agreed to certain facts that will be read to you.  You must therefore treat these facts as having been proved.

[READ STIPULATIONS OF FACT]

Source:  9th Cir. Civ. Jury Instr. § 2.2

**<u>Jury Instruction No.</u>**

**<u>2.4 Deposition in Lieu of Live Testimony</u>**

**[To be given immediately before a deposition is to be read.]**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Source:  9th Cir. Civ. Jury Instr. § 2.4

JOINT PROPOSED JURY INSTRUCTIONS

**<u>Jury Instruction No.</u>**

**<u>2.8 Foreign Language Testimony</u>**

**[To be given immediately before the testimony of a witness with the aid of an interpreter.]**

You are about to hear testimony of a witness who will be testifying, at least in part, in the French language.  Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter.  Although some of you may know the French language, it is important that all jurors consider the same evidence.  Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness, or a party based solely on the use of an interpreter to assist that witness or party.

Source:  9th Cir. Civ. Jury Instr. § 2.8

**Jury Instruction No.** ___

**2.16 Evidence in Electronic Format**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the clerk.)  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such

23

materials.  Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

Source:  9th Cir. Civ. Jury Instr. § 2.16

## **FINAL INSTRUCTIONS/AT THE END OF THE CASE**

## Jury Instruction No. 

## 1.4 Duty of Jury

Members of the Jury: Now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Source:  9th Cir. Civ. Jury Instr. § 1.4

## **Jury Instruction No.**

## **1.6 Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all the evidence, regardless of which party presented it.

Source:  9th Cir. Civ. Jury Instr. § 1.6

## **Jury Instruction No.**

### **1.7 Burden of Proof—Clear and Convincing Evidence**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true.  This is a higher standard of proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

Source:  9th Cir. Civ. Jury Instr. § 1.7

**Jury Instruction No.　　**

**17.34 Copyright—Damages—Defendants' Profits**

**(17 U.S.C. § 504(b))**

Liaigre is entitled to any profits of California Furniture Collection and Gina B attributable to the infringement.

You may make an award of California Furniture Collection and Gina B's profits only if you find that Liaigre showed a causal relationship between the infringement and California Furniture Collection and Gina B's gross revenue.

California Furniture Collection and Gina B's profit is determined by subtracting all expenses from California Furniture Collection and Gina B's gross revenue.

California Furniture Collection and Gina B's gross revenue is all the California Furniture Collection and Gina B's receipts from the sale of a product containing or using the copyrighted work. Liaigre has the burden of proving California Furniture Collection and Gina B's gross revenue by a preponderance of the evidence.

Expenses are all operating costs production costs incurred in producing California Furniture Collection and Gina B's gross revenue. California Furniture Collection and Gina B have the burden of proving their expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of a product containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all the profit is to be attributed to the infringement. California Furniture Collection and Gina B have the burden of proving the portion of the profit, if any, attributable to factors other than copying the copyrighted work.

Source:  9th Cir. Civ. Jury Instr. § 17.34

JOINT PROPOSED JURY INSTRUCTIONS

## Jury Instruction No. ___

## 15.29 Trade Dress Damages—Defendants' Profits

## (15 U.S.C. § 1117(a))

Liaigre is entitled to any profits earned by California Furniture Collection and Gina B that are attributable to the infringement and which Liaigre proves by a preponderance of the evidence.

Liaigre seeks this recovery on the basis that California Furniture Collection's and Gina B's profits may serve as an approximate measure of the sales Liaigre would have made of its own chairs, but for the actions of California Furniture Collection and Gina B.

Profit is determined by deducting all expenses from gross revenue.

Gross revenue is all of California Furniture Collection's and Gina B's receipts from using the trade dress in the sale of its infringing furniture. Liaigre has the burden of proving California Furniture Collection and Gina B's gross revenue by a preponderance of the evidence.

Expenses are all overhead and production costs incurred in producing the gross revenue. California Furniture Collection and Gina B have the burden of proving the expenses and the portion of their profit attributable to factors other than use of the infringed trade dresses by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of the infringing furniture is attributable to factors other than use of the trade dress, you should find that the total profit is attributable to the infringement.

Source:  9th Cir. Civ. Jury Instr. § 15.29 (modified)

**Jury Instruction No. __**

**3.1 Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source:  9th Cir. Civ. Jury Instr. § 3.1

**Jury Instruction No.**

**3.2 Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you

32

happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Source:  9th Cir. Civ. Jury Instr. § 3.2

**Jury Instruction No. __**

**<u>3.3 Communication with Court</u>**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Source:  9th Cir. Civ. Jury Instr. § 3.3

**Jury Instruction No. __**

**<u>3.5 Return of Verdict</u>**

A verdict form has been prepared for you.  When answering its questions and filling out this Verdict Form, please following its internal instructions.  Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions.  Please refer to the Jury Instructions as to the meaning or usage of any legal terms that appears in the questions.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the Verdict Form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Source:  9th Cir. Civ. Jury Instr. § 3.5

Dated: January 8, 2024

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: */s/ Ernest Edward Badway*
Jeff Grant
Ernest Edward Badway

*Attorneys for Plaintiff and Counter-Defendant Liaigre, Inc.*

Dated:  January 8, 2024

**MERCHANT & GOULD, LLP**

*/s/ SCOTT P. SHAW*
Scott P. Shaw

*Attorneys for Defendants, California Furniture Collection, Inc. d/b/a Robert James Collection and Gina B & Company*

## <u>L.R. 5-4.3.4(a)(2)(i) Certification</u>

Scott Shaw authorized the ECF filing of this document on his behalf.

*/s/ Ernest Edward Badway*

JOINT PROPOSED JURY INSTRUCTIONS