JEFF H. GRANT (SBN 218974)
JGrant@FoxRothschild.com
**FOX ROTHSCHILD LLP**
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, CA 90067
Telephone:  310.598.4150
Facsimile:   310.556.9828

ERNEST E. BADWAY (pro hac vice)
EBadway@FoxRothschild.com
**FOX ROTHSCHILD LLP**
101 Park Ave., 17th Floor
New York, NY 10178
Telephone:  212.878.7900
Facsimile:   212.692.0940

*Attorneys for Plaintiff/Counter-Defendant Liaigre, Inc.*

SCOTT P. SHAW (SBN 223592)
SShaw@merchantgould.com
**MERCHANT & GOULD, P.C.**
611 Wilshire Blvd., Suite 808
Los Angeles, CA 90017
Telephone: 949-330-0202

*Attorneys for Defendants/
Counter-Claimants, California
Furniture Collection, Inc. d/b/a
Robert James Collection and
Gina B & Company*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIAIGRE, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA FURNITURE COLLECTION, INC. d/b/a ROBERT JAMES COLLECTION; GINA B & COMPANY, INC., a California Corporation; and DOES 1-10,<br><br>Defendants.<br><br>CALIFORNIA FURNITURE COLLECTION, INC. d/b/a ROBERT JAMES COLLECTION, a California Corporation; GINA B & COMPANY, INC., a California Corporation,<br><br>Counter-Claimants,<br><br>vs.<br><br>LIAIGRE, INC., a Delaware Corporation,<br><br>Counter-Defendant. | Case No. 8:19-CV-01160-JAK-KES<br><br>Hon. Judge John A. Kronstadt<br><br>**COMPETING PROPOSED VERDICT FORMS**<br><br>Complaint Filed: June 11, 2019<br><br>Final Pre-Trial Conference Date: January 22, 2024<br>Hearing Time:     11:30 a.m.<br><br>Trial Date:        February 5, 2024<br>Trial Time:        9:00 a.m. |

Plaintiff Liaigre, Inc. ("Plaintiff" or "Liaigre USA") and Defendants California Furniture Collection, Inc. and Gina B & Company (collectively, "Defendants") submit their respective proposed verdict forms.  Given the substantial differences in the parties' proposed verdict forms, the parties do not believe submitting a red line of the competing proposed verdict forms pursuant to this Court's Order Re Jury/Court Trial for Cases Assigned to Judge John A. Kronstadt will provide any value.

Respectfully submitted,

Dated: January 8, 2024

**FOX ROTHSCHILD LLP**

*/s/ Ernest Edward Badway*
Jeff H. Grant
Ernest Edward Badway

*Attorneys for Plaintiff Liaigre, Inc.*

Dated: January 8, 2024

**MERCHANT & GOULD, PC.**

*/s/ Scott P. Shaw*
Scott P. Shaw

*Attorneys for Defendants/Counter-Claimants California Furniture Collection, Inc. d/b/a Robert James Collection and Gina B & Company*

1

## PLAINTIFF LIAIGRE USA'S PROPOSED VERDICT FORM

Your verdict in this case will be determined by your answers to the following questions. Please read the questions and notes carefully. The notes explain the order the questions are to be answered and the questions that may be skipped. It is important that you follow the directions stated in the notes in the order in which they are listed. **You must answer the questions in the order in which they are listed.**

As you have heard during the trial, the Plaintiff in this case is Liaigre, Inc. Liaigre, Inc.'s parent company is named Liaigre SAS, which is a French company. This Special Verdict Form uses the name "Liaigre" to refer to both Liaigre, Inc. and Liaigre SAS. When necessary to refer to these companies separately, "Liaigre USA" is used to refer to the Plaintiff Liaigre, Inc. and "Liaigre France" is used to refer to Liaigre SAS. The defendants in this case are California Furniture Collection, doing business as Robert James Collection, and Gina B and Company. They are referred to collectively as "Defendants" in this Special Verdict Form. When necessary, California Furniture Collection, doing business as Robert James Collection is referred to as "California Furniture Collection" and Gina B and Company is referred to as "Gina B."

We, the jury, being duly sworn and impaneled for the trial of the above-entitled action, answer the following questions submitted as follows:

## SECTION 1

## COPYRIGHT INFRINGEMENT

## MISAINE TABLE COPYRIGHT INFRINGEMENT

| **Liaigre's Misaine Table** | **Defendants' Greycliff Dining Table** |
|---|---|
|  |  |

1.     Do you find by a preponderance of the evidence that Liaigre has demonstrated that it is an owner of a valid copyright in the Misaine Table?

Yes _____ (for Liaigre)          No _____ (for Defendants)

2.     Do you find by a preponderance of the evidence that Defendant California Furniture Collection has copied protected aspects of Liaigre's Misaine Table by, for example, reproducing furniture with the same or substantially similar aspects of Liaigre's Misaine Table and/or offering for sale, selling or distributing furniture with the same or similar aspects of Liaigre's Misaine Table?

Yes _____ (for Liaigre)          No _____ (for Defendant California Furniture Collection)

3.     Do you find by a preponderance of the evidence that Defendant Gina B has copied protected aspects of Liaigre's Misaine Table by, for example, reproducing furniture with the same or substantially similar aspects of Liaigre's Misaine Table and/or offering for sale, selling, or distributing furniture with the same or similar aspects of Liaigre's Misaine Table?

3

Yes _____ (for Liaigre)          No _____ (for Defendant Gina B)

4.     Please state the amount of actual damages, if any, you find by a preponderance of the evidence that Liaigre has suffered as a result of each Defendant's infringement of the Misaine Table copyright. If you do not find that a particular Defendant infringed this copyright, do not award damages against that Defendant.

California Furniture Collection  $_____

Gina B  $_____

## GALION CONSOLE COPYRIGHT INFRINGEMENT

| Liaigre's Galion Console | Defendants' Santa Ynez Console |
|---|---|
|  |  |

1.     Do you find by a preponderance of the evidence that Liaigre has demonstrated that it is an owner of a valid copyright in the Galion Console?

Yes _____ (for Liaigre)          No _____ (for Defendants)

2.     Do you find by a preponderance of the evidence that Defendant California Furniture Collection has copied protected aspects of Liaigre's Galion Console by, for example, reproducing furniture with the same or substantially similar aspects of Liaigre's Galion Console and/or offering for sale, selling, or distributing furniture with the same or similar aspects of Liaigre's Galion Console?

Yes _____ (for Liaigre)          No _____ (for Defendant California Furniture Collection)

3.     Do you find by a preponderance of the evidence that Defendant Gina B has copied protected aspects of Liaigre's Galion Console by, for example, reproducing furniture with the same or substantially similar aspects of Liaigre's Galion Console and/or offering for sale, selling, or distributing furniture with the same or similar aspects of Liaigre's Galion Console?

Yes _____ (for Liaigre)          No _____ (for Defendant Gina B)

4.     Please state the amount of actual damages, if any, that you find by a preponderance of the evidence that Liaigre as suffered as a result of each Defendant's infringement of the Galion Console copyright.  If you do not find that a particular Defendant infringed this copyright, do not award damages against that Defendant.

California Furniture Collection  $_____

Gina B  $_____

## SOMARIA TABLE COPYRIGHT INFRINGEMENT

| Liaigre's Somaria Table | Defendants' Greycliff Occasional Table |
|---|---|
|  |  |

1.     Do you find by a preponderance of the evidence that Liaigre has demonstrated that it is an owner of a valid copyright in the Somaria Table?

Yes _____ (for Liaigre)          No _____ (for Defendants)

2.    Do you find by a preponderance of the evidence that Defendant California Furniture Collection has copied protected aspects of Liaigre's Somaria Table by, for example, reproducing furniture with the same or substantially similar aspects of Liaigre's Somaria Table and/or offering for sale, selling, or distributing furniture with the same or similar aspects of Liaigre's Somaria Table?

Yes _____ (for Liaigre)          No _____ (for Defendant California Furniture Collection)

3.    Do you find by a preponderance of the evidence that Defendant Gina B has copied protected aspects of Liaigre's Somaria Table by, for example, reproducing furniture with the same or substantially similar aspects of Liaigre's Somaria Table and/or offering for sale, selling, or distributing furniture with the same or similar aspects of Liaigre's Somaria Table?

Yes _____ (for Liaigre)          No _____ (for Defendant Gina B)

4.    Please state the amount of actual damages, if any, that you find by a preponderance of the evidence that Liaigre has suffered as a result of each Defendant's infringement of the Somaria Table copyright. If you do not find that a particular Defendant infringed this copyright, do not award damages against that Defendant.

California Furniture Collection  $_____

Gina B  $_____

## **CALME PLAT BENCH COPYRIGHT INFRINGEMENT**

| **Liaigre's Calme Plat Bench** | **Defendants' Halcyon Bench** |
|---|---|
|  |  |

1.      Do you find by a preponderance of the evidence that Liaigre has demonstrated that it is an owner of a valid copyright in the Calme Plat Bench?

Yes _____ (for Liaigre)        No _____ (for Defendants)

2.      Do you find by a preponderance of the evidence that Defendant California Furniture Collection has copied protected aspects of Liaigre's Calme Plat Bench by, for example, reproducing furniture with the same or substantially similar aspects of Liaigre's Calme Plat Bench and/or offering for sale, selling, or distributing furniture with the same or similar aspects of Liaigre's Calme Plat Bench?

Yes _____ (for Liaigre)                No _____ (for Defendant California
                                                        Furniture Collection)

3.      Do you find by a preponderance of the evidence that Defendant Gina B has copied protected aspects of Liaigre's Calme Plat Bench by, for example, reproducing furniture with the same or substantially similar aspects of Liaigre's Calme Plat Bench and/or offering for sale, selling, or distributing furniture with the same or similar aspects of Liaigre's Calme Plat Bench?

Yes _____ (for Liaigre)                No _____ (for Defendant Gina B)

4.     Please state the amount of actual damages, if any, that you find by a preponderance of the evidence that Liaigre has suffered as a result of each Defendant's infringement of the Calme Plat Bench copyright. If you do not find that a particular Defendant infringed this copyright, do not award damages against that Defendant.

California Furniture Collection  $_____

Gina B  $_____

## MARITIME CHAIR COPYRIGHT INFRINGEMENT

| Liaigre's Maritime Chair | Defendants' Brasilia Chair |
|---|---|
|  |  |

1.     Do you find by a preponderance of the evidence that Liaigre has demonstrated that it is an owner of a valid copyright in the Maritime Chair?

Yes _____ (for Liaigre)            No _____ (for Defendants)

2.     Do you find by a preponderance of the evidence that Defendant California Furniture Collection has copied protected aspects of Liaigre's Maritime Chair by, for example, reproducing furniture with the same or substantially similar aspects of Liaigre's Maritime Chair and/or offering for sale, selling, or distributing furniture with the same or similar aspects of Liaigre's Maritime Chair?

8

Yes _____ (for Liaigre)          No _____ (for Defendant California Furniture Collection)

3.     Do you find by a preponderance of the evidence that Defendant Gina B has copied protected aspects of Liaigre's Maritime Chair by, for example, reproducing furniture with the same or substantially similar aspects of Liaigre's Maritime Chair and/or offering for sale, selling, or distributing furniture with the same or similar aspects of Liaigre's Maritime Chair?

Yes _____ (for Liaigre)          No _____ (for Defendant Gina B)

4.     Please state the amount of actual damages, if any, that you find by a preponderance of the evidence that Liaigre has suffered as a result of each Defendant's infringement of the Maritime Chair copyright. If you do not find that a particular Defendant infringed this copyright, do not award damages against that Defendant.

California Furniture Collection  $_____

Gina B  $_____

## 2-LEGGED AND 3-LEGGED CENTAURE TABLE COPYRIGHT INFRINGEMENT

| Liaigre's 2-Legged Centaure Table | Defendants' 2-Legged Parisian Dining Table |
|---|---|
|  |  |

1.     Do you find by a preponderance of the evidence that Liaigre has demonstrated that it is an owner of a valid copyright in the 2-Legged Centaure Table?

Yes _____ (for Liaigre)          No _____ (for Defendants)


2.     Do you find by a preponderance of the evidence that Defendant California Furniture Collection has copied protected aspects of Liaigre's 2-Legged Centaure Table by, for example, reproducing furniture with the same or substantially similar aspects of Liaigre's 2-Legged Centaure Table and/or offering for sale, selling, or distributing furniture with the same or similar aspects of Liaigre's 2-Legged Centaure Table?

Yes _____ (for Liaigre)          No _____ (for Defendant California
                                                Furniture Collection)


3.     Do you find by a preponderance of the evidence that Defendant Gina B has copied protected aspects of Liaigre's 2-Legged Centaure Table by, for example, reproducing furniture with the same or substantially similar aspects of Liaigre's 2-Legged Centaure Table and/or offering for sale, selling, or distributing furniture with the same or similar aspects of Liaigre's 2-Legged Centaure Table?

Yes _____ (for Liaigre)          No _____ (for Defendant Gina B)


| **Liaigre's 3-Legged Centaure Table** | **Defendants' 3-Legged Parisian Dining Table** |
| --- | --- |
|  |  |

10

4.    Do you find by a preponderance of the evidence that Liaigre has demonstrated that it is an owner of a valid copyright in the 3-Legged Centaure Table?

Yes _____ (for Liaigre)          No _____ (for Defendants)

5.    Do you find by a preponderance of the evidence that Defendant California Furniture Collection has copied protected aspects of Liaigre's 3-Legged Centaure Table by, for example, reproducing furniture with the same or substantially similar aspects of Liaigre's 3-Legged Centaure Table and/or offering for sale, selling, or distributing furniture with the same or similar aspects of Liaigre's 3-Legged Centaure Table?

Yes _____ (for Liaigre)          No _____ (for Defendant California Furniture Collection)

6.    Do you find by a preponderance of the evidence that Defendant Gina B has copied protected aspects of Liaigre's 3-Legged Centaure Table by, for example, reproducing furniture with the same or substantially similar aspects of Liaigre's 3-Legged Centaure Table and/or offering for sale, selling, or distributing furniture with the same or similar aspects of Liaigre's 3-Legged Centaure Table?

Yes _____ (for Liaigre)          No _____ (for Defendant Gina B)

7.    Please state the amount of actual damages, if any, that you find by a preponderance of the evidence that Liaigre has suffered as a result of each Defendant's infringement of the 2-Legged Centaure Table and the 3-Legged Centaur Table copyright. If you do not find that a particular Defendant infringed this copyright, do not award damages against that Defendant.

California Furniture Collection  $_____

Gina B  $_____

11

# SECTION 2

## TRADE DRESS INFRINGEMENT

## MISAINE TABLE TRADE DRESS INFRINGEMENT

| Liaigre's Misaine Table | Defendants' Greycliff Dining Table |
|---|---|
|  |  |

1.      With respect to Liaigre's trade dress rights in the Misaine Table, do you find that Liaigre, by a preponderance of the evidence, has proven:

        a.      Liaigre owns the trade dress?

              Yes _____ (for Liaigre)

              No _____ (for Defendants)

        b.      Liaigre's trade dress is non-functional?

              Yes _____ (for Liaigre)

              No _____ (for Defendants)

        c.      Liaigre's trade dress has acquired secondary meaning?

              Yes _____ (for Liaigre)

              No _____ (for Defendants)

        d.      Defendant California Furniture Collection used Liaigre's same or similar trade dress in a manner that is likely to cause confusion among prospective purchasers of high-end furniture as to the source, sponsorship, affiliation, or approval of Liaigre's or Defendants' furniture?

              Yes _____ (for Liaigre)

              No _____ (for Defendant California Furniture

                      Collection)

12

1           e.      Defendant Gina B used Liaigre's same or similar trade dress in a

2 manner that is likely to cause confusion among prospective purchasers of high-end

3 furniture as to the source, sponsorship, affiliation, or approval of Liaigre's or

4 Defendants' furniture?

5                 Yes _____ (for Liaigre)

6                 No _____ (for Defendant Gina B)

7

8 **GALION CONSOLE TRADE DRESS INFRINGEMENT**

9

| **Liaigre's Galion Console** | **Defendants' Santa Ynez Console** |
|---|---|
| | |

16      2.      With respect to Liaigre's trade dress rights in the Galion Console, do

17 you find that Liaigre, by a preponderance of the evidence, has proven:

18          a.      Liaigre owns the trade dress?

19                 Yes _____ (for Liaigre)

20                 No _____ (for Defendants)

21          b.      Liaigre's trade dress is non-functional?

22                 Yes _____ (for Liaigre)

23                 No _____ (for Defendants)

24          c.      Liaigre's trade dress has acquired secondary meaning?

25                 Yes _____ (for Liaigre)

26                 No _____ (for Defendants)

27

28

COMPETING PROPOSED VERDICT FORMS

d. Defendant California Furniture Collection used Liaigre's same or similar trade dress in a manner that is likely to cause confusion among prospective purchasers of high-end furniture as to the source, sponsorship, affiliation, or approval of Liaigre's or Defendants' furniture?

Yes _____ (for Liaigre)

No _____ (for Defendant California Furniture Collection)

e. Defendant Gina B used Liaigre's same or similar trade dress in a manner that is likely to cause confusion among prospective purchasers of high-end furniture as to the source, sponsorship, affiliation, or approval of Liaigre's or Defendants' furniture?

Yes _____ (for Liaigre)

No _____ (for Defendant Gina B)

**SOMARIA TABLE TRADE DRESS INFRINGEMENT**

| Liaigre's Somaria Table | Defendants' Greycliff Occasional Table |
|---|---|
|  |  |

3. With respect to Liaigre's trade dress rights in the Somaria Table, do you find that Liaigre, by a preponderance of the evidence, has proven:

a. Liaigre owns the trade dress?

Yes _____ (for Liaigre)

No _____ (for Defendants)

b. Liaigre's trade dress is non-functional?

14

1   Yes _____ (for Liaigre)

2   No _____ (for Defendants)

3   c.   Liaigre's trade dress has acquired secondary meaning?

4   Yes _____ (for Liaigre)

5   No _____ (for Defendants)

6   d.   Defendant California Furniture Collection used Liaigre's same or

7   similar trade dress in a manner that is likely to cause confusion among prospective

8   purchasers of high-end furniture as to the source, sponsorship, affiliation, or approval

9   of Liaigre's or Defendants' furniture?

10   Yes _____ (for Liaigre)

11   No _____ (for Defendant California Furniture

12   Collection)

13   e.   Defendant Gina B used Liaigre's same or similar trade dress in a

14   manner that is likely to cause confusion among prospective purchasers of high-end

15   furniture as to the source, sponsorship, affiliation, or approval of Liaigre's or

16   Defendants' furniture?

17   Yes _____ (for Liaigre)

18   No _____ (for Defendant Gina B)

19

20   **CALME PLAT BENCH TRADE DRESS INFRINGEMENT**

21

| **Liaigre's Calme Plat Bench** | **Defendants' Halcyon Bench** |
|---|---|
|  |  |

27   4.   With respect to Liaigre's trade dress rights in the Calme Plat Bench, do

28   you find that Liaigre, by a preponderance of the evidence, has proven:

15

     a.     Liaigre owns the trade dress?

          Yes _____ (for Liaigre)

          No _____ (for Defendants)

     b.     Liaigre's trade dress is non-functional?

          Yes _____ (for Liaigre)

          No _____ (for Defendants)

     c.     Liaigre's trade dress has acquired secondary meaning?

          Yes _____ (for Liaigre)

          No _____ (for Defendants)

     d.     Defendant California Furniture Collection used Liaigre's same or similar trade dress in a manner that is likely to cause confusion among prospective purchasers of high-end furniture as to the source, sponsorship, affiliation, or approval of Liaigre's or Defendants' furniture?

        Yes _____ (for Liaigre)

        No _____ (for Defendant California Furniture

                 Collection)

     e.     Defendant Gina B used Liaigre's same or similar trade dress in a manner that is likely to cause confusion among prospective purchasers of high-end furniture as to the source, sponsorship, affiliation, or approval of Liaigre's or Defendants' furniture?

        Yes _____ (for Liaigre)

        No _____ (for Defendant Gina B)

# MARITIME CHAIR TRADE DRESS INFRINGEMENT

| Liaigre's Maritime Chair | Defendants' Brasilia Chair |
|---|---|
|  |  |

5.      With respect to Liaigre's trade dress rights in the Maritime Chair, do you find that Liaigre, by a preponderance of the evidence, has proven:

      a.      Liaigre owns the trade dress?

                 Yes _____ (for Liaigre)

                 No _____ (for Defendants)

      b.      Liaigre's trade dress is non-functional?

                 Yes _____ (for Liaigre)

                 No _____ (for Defendants)

      c.      Liaigre's trade dress has acquired secondary meaning?

                 Yes _____ (for Liaigre)

                 No _____ (for Defendants)

      d.      Defendant California Furniture Collection used Liaigre's same or similar trade dress in a manner that is likely to cause confusion among prospective purchasers of high-end furniture as to the source, sponsorship, affiliation, or approval of Liaigre's or Defendants' furniture?

                 Yes _____ (for Liaigre)

                 No _____ (for Defendant California Furniture

                                   Collection)

e.      Defendant Gina B used Liaigre's same or similar trade dress in a manner that is likely to cause confusion among prospective purchasers of high-end furniture as to the source, sponsorship, affiliation, or approval of Liaigre's or Defendants' furniture?

Yes _____ (for Liaigre)

No _____ (for Defendant Gina B)

## 2-LEGGED AND 3-LEGGED CENTAURE TABLE TRADE DRESS INFRINGEMENT



| Liaigre's 2-Legged Centaure Table | Defendants' 2-Legged Parisian Dining Table |
|---|---|

| Liaigre's 3-Legged Centaure Table | Defendants' 3-Legged Parisian Dining Table |
|---|---|

6.      With respect to Liaigre's trade dress rights in the 2-Legged Centaure Table and 3-Legged Centaure Table, do you find that Liaigre, by a preponderance of the evidence, has proven:

a.      Liaigre owns the trade dress?

Yes _____ (for Liaigre)

No _____ (for Defendants)

18

b.    Liaigre's trade dress is non-functional?

Yes _____ (for Liaigre)

No _____ (for Defendants)

c.    Liaigre's trade dress has acquired secondary meaning?

Yes _____ (for Liaigre)

No _____ (for Defendants)

d.    Defendant California Furniture Collection used Liaigre's same or similar trade dress in a manner that is likely to cause confusion among prospective purchasers of high-end furniture as to the source, sponsorship, affiliation, or approval of Liaigre's or Defendants' furniture?

Yes _____ (for Liaigre)

No _____ (for Defendant California Furniture

Collection)

e.    Defendant Gina B used Liaigre's same or similar trade dress in a manner that is likely to cause confusion among prospective purchasers of high-end furniture as to the source, sponsorship, affiliation, or approval of Liaigre's or Defendants' furniture?

Yes _____ (for Liaigre)

No _____ (for Defendant Gina B)

## **CORVETTE DESK TRADE DRESS INFRINGEMENT**

| **Liaigre's Corvette Desk** | **Defendants' Palmero Dining Table** |
| --- | --- |
|  |  |

7.     With respect to Liaigre's trade dress rights in the Corvette Desk, do you find that Liaigre, by a preponderance of the evidence, has proven:

     a.     Liaigre owns the trade dress?

          Yes _____ (for Liaigre)

          No _____ (for Defendants)

     b.     Liaigre's trade dress is non-functional?

          Yes _____ (for Liaigre)

          No _____ (for Defendants)

     c.     Liaigre's trade dress has acquired secondary meaning?

          Yes _____ (for Liaigre)

          No _____ (for Defendants)

     d.     Defendant California Furniture Collection used Liaigre's same or similar trade dress in a manner that is likely to cause confusion among prospective purchasers of high-end furniture as to the source, sponsorship, affiliation, or approval of Liaigre's or Defendants' furniture?

          Yes _____ (for Liaigre)

          No _____ (for Defendant California Furniture Collection)

     e.     Defendant Gina B used Liaigre's same or similar trade dress in a manner that is likely to cause confusion among prospective purchasers of high-end furniture as to the source, sponsorship, affiliation, or approval of Liaigre's or Defendants' furniture?

          Yes _____ (for Liaigre)

          No _____ (for Defendant Gina B)

***If you determine that one or both Defendants infringed Liaigre's trade dress for any of the above pieces of Liaigre furniture, please answer the below questions. If you determine that neither Defendant infringed Liaigre's trade dress for <u>any</u> of***

20

***the above pieces of Liaigre furniture, please proceed to Section 3.***

8.     What amount of damages will properly compensate Liaigre for Defendants' trade dress infringement?

As to Defendant California Furniture Collection $_____

As to Defendant Gina B $ _____

9.     Do you find that Liaigre has proven by a preponderance of the evidence that Defendant California Furniture Collection's infringement was malicious, fraudulent, deliberate, or willful?

Yes _____(for Liaigre)        No _____(for Defendant California
                                                                         Furniture Collection)

10.     Do you find that Liaigre has proven by a preponderance of the evidence that Defendant Gina B's infringement was malicious, fraudulent, deliberate, or willful?

Yes _____ (for Liaigre)        No _____(for Defendant Gina B)

**SECTION 3**

**COMMON LAW TRADE DRESS**

**<u>INFRINGEMENT AND UNFAIR COMPETITION</u>**

If in Section 2 above you determined that either Defendant California Furniture Collection or Defendant Gina B infringed Liaigre's trade dress on one or more pieces of Liaigre furniture, you must answer the following questions.  If in Section 2 above you determined that neither Defendant California Furniture Collection nor Defendant Gina B infringed Liaigre's trade dress for any of the Liaigre furniture, you have completed your deliberations.  Please go to the last page.

If you determined that either Defendant California Furniture Collection or

21

Defendant Gina B infringed Liaigre's trade dress on one or more pieces of Liaigre furniture, that Defendant has also common law trade dress infringement.

1.      What amount should Liaigre recover for Defendant California Furniture Collection's common law trade dress infringement?

$_____

2.      What amount should Liaigre recover for Defendant Gina B's common law trade dress infringement?

$_____

*Regardless of your answers to questions 1. and 2. above, you must determine whether Liaigre is entitled to punitive damages for Defendants' common law trade dress infringement by answering the questions below.*

3.      Do you find that Liaigre has proved by clear and convincing evidence that it is entitled to punitive damages on its common law trade dress infringement claim?

As to Defendant California Furniture Collection:

Yes _____

No _____

As to Defendant Gina B:

Yes _____

No _____

4.      What is the amount of punitive damages you award against each Defendant?

As to Defendant California Furniture Collection: $_____

As to Defendant Gina B: $_____

***You have completed your deliberations.  Please have your foreperson sign and date this form below and inform the court security officer that you have finished deliberating.***

Dated: _____ _____, 2024 _____

_____
Foreperson's Signature

_____

COMPETING PROPOSED VERDICT FORMS

# **DEFENDANTS' PROPOSED VERDICT FORM**

Defendants and Counter-Claimants California Furniture Collection, Inc. d/b/a Robert James Collection and Gina B & Company submit this proposed Special Verdict Form.

Your verdict in this case will be determined by your answers to the following questions. Please read the questions and notes carefully. The notes explain the order the questions are to be answered and the questions that may be skipped. It is important that you follow the directions stated in the notes in the order in which they are listed. **You must answer the questions in the order in which they are listed.**

As you have heard during the trial, the Plaintiff and Counter-defendant in this case is Liaigre, Inc. (hereinafter referred to as "Plaintiff and Counter-defendant"). The Defendants and Counter-Claimants in this case are California Furniture Collection, doing business as Robert James Collection, and Gina B and Company. They are referred to collectively as "Defendants and Counter-Claimants" in this Special Verdict Form. When necessary, California Furniture Collection, doing business as Robert James Collection is referred to as "California Furniture Collection" and Gina B and Company is referred to as "Gina B."

We, the jury, being duly sworn and impaneled for the trial of the above-entitled action, answer the following questions submitted as follows:

## COPYRIGHT

| Misaine Table | Greycliff Dining Table |
|---|---|
|  |  |

1.     Do you find by a preponderance of the evidence that Plaintiff and Counter-defendant has proved ownership of a valid copyright under French law in the Misaine Table?

Yes _____          No _____

2.     If your answer is NO, then your verdict is for the Defendants and Counter-Claimants, and you do not proceed to question 3.

3.     Do you find by a preponderance of the evidence that Plaintiff and Counter-defendant proved that copyrightable features exist in the Misaine Table?

Yes _____          No _____

4.     If your answer is NO, then your verdict is for the Defendants and Counter-Claimants, and you do not proceed to question 5.

25

COMPETING PROPOSED VERDICT FORMS

5.      Do you find by a preponderance of the evidence that Plaintiff and Counter-defendant misused its alleged copyright in the Misaine Table by failing to apply for copyright registration with the U.S. Copyright Office and by permitting others to copy?

Yes _____          No _____

6.      If your answer is NO, then your verdict is for the Defendants and Counter-Claimants, and you do not proceed to question 7.

7.      Do you find the Plaintiff and Counter-defendant knew or should have known about the Greycliff dining table on or before June 11, 2016?

Yes _____          No _____

COMPETING PROPOSED VERDICT FORMS

| **Galion Console** | **Santa Ynez Console** |
|---|---|
|  |  |

1.    Do you find by a preponderance of the evidence that Plaintiff and Counter-defendant has proved ownership of a valid copyright under French law in the Galion Console?

Yes _____          No _____


2.    If your answer is NO, then your verdict is for the Defendants and Counter-Claimants, and you do not proceed to question 3.


3.    Do you find by a preponderance of the evidence that Plaintiff and Counter-defendant proved that copyrightable features exist in the Galion Console?

Yes _____          No _____


4.    If your answer is NO, then your verdict is for the Defendants and Counter-Claimants, and you do not proceed to question 5.


5.    Do you find by a preponderance of the evidence that Plaintiff and Counter-defendant misused its alleged copyright in the Galion Console by failing to apply for copyright registration with the U.S. Copyright Office and by permitting others to copy?

Yes _____          No _____

COMPETING PROPOSED VERDICT FORMS

6.    If your answer is YES, then your verdict is for the Defendants and Counter-Claimants, and you do not proceed to question 7.

7.    Do you find the Plaintiff and Counter-defendant knew or should have known about the Santa Ynez Console on or before June 11, 2016?

Yes _____              No _____

COMPETING PROPOSED VERDICT FORMS

| **Somaria Table** | **Greycliff Occasional Table** |
|:---:|:---:|
|  |  |

1.    Do you find by a preponderance of the evidence that Plaintiff and Counter-defendant has proved ownership of a valid copyright under French law in the Somaria Table?

Yes _____          No _____

2.    If your answer is NO, then your verdict is for the Defendants and Counter-Claimants, and you do not proceed to question 3.

3.    Do you find by a preponderance of the evidence that Plaintiff and Counter-defendant proved that copyrightable features exist in the Somaria Table?

Yes _____          No _____

4.    If your answer is NO, then your verdict is for the Defendants and Counter-Claimants, and you do not proceed to question 5.

5.    Do you find by a preponderance of the evidence that Plaintiff and Counter-defendant misused its alleged copyright in the Somaria Table by failing to apply for copyright registration with the U.S. Copyright Office and by permitting others to copy?

Yes _____          No _____

COMPETING PROPOSED VERDICT FORMS

6.     If your answer is YES, then your verdict is for the Defendants and Counter-Claimants, and you do not proceed to question 7.

7.     Do you find the Plaintiff and Counter-defendant knew or should have known about the Greycliff Occasional Table on or before June 11, 2016?

Yes _____            No _____

COMPETING PROPOSED VERDICT FORMS

| **Calme Plat Bench** | **Halcyon Bench** |
|:---:|:---:|
|  |  |

1.     Do you find by a preponderance of the evidence that Plaintiff and Counter-defendant has proved ownership of a valid copyright under French law in the Calme Plat Bench?

Yes _____          No _____

2.     If your answer is NO, then your verdict is for the Defendants and Counter-Claimants, and you do not proceed to question 3.

3.     Do you find by a preponderance of the evidence that Plaintiff and Counter-defendant proved that copyrightable features exist in the Calme Plat Bench?

Yes _____          No _____

4.     If your answer is NO, then your verdict is for the Defendants and Counter-Claimants, and you do not proceed to question 5.

5.     Do you find by a preponderance of the evidence that Plaintiff and Counter-defendant misused its alleged copyright in the Calme Plat Bench by failing to apply for copyright registration with the U.S. Copyright Office and by permitting others to copy?

Yes _____          No _____

31

6.     If your answer is YES, then your verdict is for the Defendants and Counter-Claimants, and you do not proceed to question 7.

7.     Do you find the Plaintiff and Counter-defendant knew or should have known about the Halcyon Bench on or before June 11, 2016?

Yes _____                    No _____

| **Maritime Chair** | **Brasilia Chair** |
|---|---|
|  |  |

1.      Do you find by a preponderance of the evidence that Plaintiff and Counter-defendant has proved ownership of a valid copyright under French law in the Maritime Chair?

Yes _____                    No _____

2.      If your answer is NO, then your verdict is for the Defendants and Counter-Claimants, and you do not proceed to question 3.

3.      Do you find by a preponderance of the evidence that Plaintiff and Counter-defendant proved that copyrightable features exist in the Maritime Chair?

Yes _____                    No _____

4.      If your answer is NO, then your verdict is for the Defendants and Counter-Claimants, and you do not proceed to question 5.

5.      Do you find by a preponderance of the evidence that Plaintiff and Counter-defendant misused its alleged copyright in the Maritime Chair by failing to apply for copyright registration with the U.S. Copyright Office and by permitting others to copy?

COMPETING PROPOSED VERDICT FORMS

Yes _____                No _____

6.    If your answer is YES, then your verdict is for the Defendants and Counter-Claimants, and you do not proceed to question 7.

7.    Do you find the Plaintiff and Counter-defendant knew or should have known about the Brasilia Chair on or before June 11, 2016?

Yes _____                No _____

COMPETING PROPOSED VERDICT FORMS

| **2-Legged Centaure Table** | **2-Legged Parisian Dining Table** |
| --- | --- |
|  |  |

1.      Do you find by a preponderance of the evidence that Plaintiff and Counter-defendant has proved ownership of a valid copyright under French law in the 2-Legged Centaure Table?

Yes _____                 No _____

2.      If your answer is NO, then your verdict is for the Defendants and Counter-Claimants, and you do not proceed to question 3.

3.      Do you find by a preponderance of the evidence that Plaintiff and Counter-defendant proved that copyrightable features exist in the 2-Legged Centaure Table?

Yes _____                 No _____

4.      If your answer is NO, then your verdict is for the Defendants and Counter-Claimants, and you do not proceed to question 5.

5.      Do you find by a preponderance of the evidence that Plaintiff and Counter-defendant misused its alleged copyright in the 2-Legged Centaure Table by failing to apply for copyright registration with the U.S. Copyright Office and by permitting others to copy?

COMPETING PROPOSED VERDICT FORMS

Yes _____          No _____

6.      If your answer is YES, then your verdict is for the Defendants and Counter-Claimants, and you do not proceed to question 7.

7.      Do you find the Plaintiff and Counter-defendant knew or should have known about the 2-Legged Parisian Dining Table on or before June 11, 2016?

Yes _____          No _____

COMPETING PROPOSED VERDICT FORMS

| 3-Legged Centaure Table | 3-Legged Parisian Dining Table |
|---|---|
|  |  |

1.    Do you find by a preponderance of the evidence that Plaintiff and Counter-defendant has proved ownership of a valid copyright under French law in the 3-Legged Centaure Table?

Yes _____        No _____

2.    If your answer is NO, then your verdict is for the Defendants and Counter-Claimants, and you do not proceed to question 3.

3.    Do you find by a preponderance of the evidence that Plaintiff and Counter-defendant proved that copyrightable features exist in the 3-Legged Centaure Table?

Yes _____        No _____

4.    If your answer is NO, then your verdict is for the Defendants and Counter-Claimants, and you do not proceed to question 5.

5.    Do you find by a preponderance of the evidence that Plaintiff and Counter-defendant misused its alleged copyright in the 3-Legged Centaure Table by failing to apply for copyright registration with the U.S. Copyright Office and by permitting others to copy?

Yes _____        No _____

COMPETING PROPOSED VERDICT FORMS

6.     If your answer is YES, then your verdict is for the Defendants and Counter-Claimants, and you do not proceed to question 7.

7.     Do you find the Plaintiff and Counter-defendant knew or should have known about the 3-Legged Parisian Dining Table on or before June 11, 2016?

Yes _____               No _____

38

## TRADE DRESS

| Misaine Table | Greycliff Dining Table |
|---|---|
|  |  |

1.      With respect to the Misaine Table, do you find that Plaintiff and Counter-defendant have proven, by a preponderance of the evidence, the following:

  a. Ownership of the Asserted Trade Dress?

    Yes _____

    No _____

  b. The Asserted Trade Dress is non-generic?

    Yes _____

    No _____

  c. The Asserted Trade Dress is not functional?

    Yes _____

    No _____

  d. The Asserted Trade Dress acquired secondary meaning?

    Yes _____

    No _____

  e. The Asserted Trade Dress is protectable in each geographic location in the United States?

    Yes _____

    No _____

  f. Are consumers likely to be confused as to the source of origin of the products sold under the ROBERT JAMES COLLECTION brand by Defendants

and Counter-Claimants and the products sold under the LIAGIRE brand by Plaintiff and Counter-defendant?

           Yes    _____

           No     _____

COMPETING PROPOSED VERDICT FORMS

| **Galion Console** | **Santa Ynez Console** |
|---|---|
|  |  |

1.      With respect to the Galion Console, do you find that Plaintiff and Counter-defendant have proven, by a preponderance of the evidence, the following:

a.      Ownership of the Asserted Trade Dress?

Yes    _____

No     _____

b.      The Asserted Trade Dress is non-generic?

Yes    _____

No     _____

c.      The Asserted Trade Dress is not functional?

Yes    _____

No     _____

d.      The Asserted Trade Dress acquired secondary meaning?

Yes    _____

No     _____

e.      The Asserted Trade Dress is protectable in each geographic location in the United States?

Yes    _____

No     _____

f.      Are consumers likely to be confused as to the source of origin of the products sold under the ROBERT JAMES COLLECTION brand by Defendants

41

and Counter-Claimants and the products sold under the LIAGIRE brand by Plaintiff and Counter-defendant?

Yes    _____

No    _____

COMPETING PROPOSED VERDICT FORMS

| **Somaria Table** | **Greycliff Occasional Table** |
|---|---|
| | |

1.      With respect to the Somaria Table, do you find that Plaintiff and Counter-defendant have proven, by a preponderance of the evidence, the following:

a.      Ownership of the Asserted Trade Dress?

Yes      _____

No      _____

b.      The Asserted Trade Dress is non-generic?

Yes      _____

No      _____

c.      The Asserted Trade Dress is not functional?

Yes      _____

No      _____

d.      The Asserted Trade Dress acquired secondary meaning?

Yes      _____

No      _____

e.      The Asserted Trade Dress is protectable in each geographic location in the United States?

Yes      _____

No      _____

f.      Are consumers likely to be confused as to the source of origin of the products sold under the ROBERT JAMES COLLECTION brand by Defendants

43

and Counter-Claimants and the products sold under the LIAGIRE brand by Plaintiff and Counter-defendant?

Yes    _____

No    _____

COMPETING PROPOSED VERDICT FORMS

| **Calme Plat Bench** | **Halcyon Bench** |
|---|---|
|  |  |

1. With respect to the Calme Plat Bench, do you find that Plaintiff and Counter-defendant have proven, by a preponderance of the evidence, the following:

    a.    Ownership of the Asserted Trade Dress?

        Yes  _____

        No  _____

    b.    The Asserted Trade Dress is non-generic?

        Yes  _____

        No  _____

    c.    The Asserted Trade Dress is not functional?

        Yes  _____

        No  _____

    d.    The Asserted Trade Dress acquired secondary meaning?

        Yes  _____

        No  _____

    e.    The Asserted Trade Dress is protectable in each geographic location in the United States?

        Yes  _____

        No  _____

    f.    Are consumers likely to be confused as to the source of origin of the products sold under the ROBERT JAMES COLLECTION brand by Defendants and Counter-Claimants and the products sold under the LIAGIRE brand by Plaintiff and Counter-defendant?

45

Yes     _____

No      _____

COMPETING PROPOSED VERDICT FORMS

| **Maritime Chair** | **Brasilia Chair** |
|---|---|
|  |  |

1.    With respect to the Maritime Chair, do you find that Plaintiff and Counter-defendant have proven, by a preponderance of the evidence, the following:

      a.    Ownership of the Asserted Trade Dress?

          Yes    _____

          No    _____

      b.    The Asserted Trade Dress is non-generic?

          Yes    _____

          No    _____

      c.    The Asserted Trade Dress is not functional?

          Yes    _____

          No    _____

      d.    The Asserted Trade Dress acquired secondary meaning?

          Yes    _____

          No    _____

      e.    The Asserted Trade Dress is protectable in each geographic location in the United States?

          Yes    _____

          No    _____

1          f.    Are consumers likely to be confused as to the source of origin of

2    the products sold under the ROBERT JAMES COLLECTION brand by Defendants

3    and Counter-Claimants and the products sold under the LIAGIRE brand by Plaintiff

4    and Counter-defendant?

5                Yes    _____

6                No    _____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPETING PROPOSED VERDICT FORMS



| **2-Legged Centaure Table** | **2-Legged Parisian Dining Table** |
|---|---|
| | |

| **3-Legged Centaure Table** | **3-Legged Parisian Dining Table** |
|---|---|
| | |

1.   With respect to the 2-Legged Centaure Table and 3-Legged Centaure Table, do you find that Plaintiff and Counter-defendant have proven, by a preponderance of the evidence, the following:

    a.   Ownership of the Asserted Trade Dress?

              Yes   _____

              No    _____

    b.   The Asserted Trade Dress is non-generic?

              Yes   _____

              No    _____

    c.   The Asserted Trade Dress is not functional?

              Yes   _____

              No    _____

    d.   The Asserted Trade Dress acquired secondary meaning?

49

Yes  _____

No  _____

e.  The Asserted Trade Dress is protectable in each geographic location in the United States?

Yes  _____

No  _____

f.  Are consumers likely to be confused as to the source of origin of the products sold under the ROBERT JAMES COLLECTION brand by Defendants and Counter-Claimants and the products sold under the LIAGIRE brand by Plaintiff and Counter-defendant?

Yes  _____

No  _____

50

| **Corvette Desk** | **Palmero Dining Table** |
|:---:|:---:|
|  |  |

1.      With respect to the Corvette Desk, do you find that Plaintiff and Counter-defendant have proven, by a preponderance of the evidence, the following:

     a.      Ownership of the Asserted Trade Dress?

         Yes      _____

         No      _____

     b.      The Asserted Trade Dress is non-generic?

         Yes      _____

         No      _____

     c.      The Asserted Trade Dress is not functional?

         Yes      _____

         No      _____

     d.      The Asserted Trade Dress acquired secondary meaning?

         Yes      _____

         No      _____

     e.      The Asserted Trade Dress is protectable in each geographic location in the United States?

         Yes      _____

         No      _____

     f.      Are consumers likely to be confused as to the source of origin of the products sold under the ROBERT JAMES COLLECTION brand by Defendants

and Counter-Claimants and the products sold under the LIAGIRE brand by Plaintiff and Counter-defendant?

                    Yes      _____

                    No       _____

COMPETING PROPOSED VERDICT FORMS

**Delay**

With respect to all of the Plaintiff and Counter-defendant's products, do you find that Plaintiff and Counter-defendant has delayed unreasonably in bringing this lawsuit against Defendants and Counter-Claimants?

Yes   _____

No   _____

**Profits**

If you find that Defendants and Counter-Claimants infringed Plaintiff and Counter-defendant's copyrights or trade dress, then please state the amount of profits earned by Defendants and Counter-Claimants that are attributed to their infringement?

California Furniture Collection $_____

Gina B $_____

***You have completed your deliberations.  Please have your foreperson sign and date this form below and inform the court security officer that you have finished deliberating.***

Dated:  _____ ____, 2024 _____

Foreperson's Signature

_____

1

## **L.R. 5-4.3.4(a)(2)(i) Certification**

2

Scott Shaw authorized the ECF filing of this document on his behalf.

3

*/s/ Ernest Edward Badway*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPETING PROPOSED VERDICT FORMS

153590338.2